## A01A1570. MATHIS v. THE STATE.
### (552 SE2d 97)

MIKELL, Judge.

After a jury trial, Amelia Mathis was convicted of misdemeanor obstruction of a law enforcement officer.[1] On appeal, Mathis argues that the trial court's denial of her motion for directed verdict constitutes error. We affirm.

"On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction. The issue is whether, based on the evidence presented, a rational finder of fact could have found the accused guilty of the charged offenses beyond a reasonable doubt."[2]

The state's evidence showed that on March 26, 2000, Richmond County Sheriff's Office Investigator Darrell Hamilton was working as an off-duty security officer at the Millennium Night Club. Officer Hamilton's duties included maintaining order, checking identification, checking for weapons at the door, and helping to close the club. Though he was paid by the owner of the club, he wore his police uniform while working at the club.

At approximately 1:30 a.m., the disc jockey announced that the club was closing and the lights were turned on. Officer Hammond testified that he advised everyone three times that the club was closed and that they should exit through the front door before he approached the table at which Mathis sat. After advising Mathis and her friends two more times to exit the building, he told them that they might be arrested if they did not leave. Officer Hamilton testified that Mathis said that "she didn't mind going to jail." Officer Hamilton then advised Mathis that she was under arrest. He testified that because Mathis refused to leave, he planned to charge her with a violation of the county ordinance that prohibited disorderly conduct.

As Officer Hamilton attempted to arrest Mathis, she snatched her hand away and slapped him. A struggle ensued as Officer Hamilton tried to handcuff Mathis. Because she struck him, Officer Hamilton charged Mathis with obstruction of a law enforcement officer.

On appeal, Mathis argues that her motion for directed verdict should have been granted because the state could not prove the elements of obstruction of a law enforcement officer without admitting a certified copy of the county ordinance concerning disorderly conduct. We disagree.

"It is not necessary for the State to prove the underlying offense

---

[1] OCGA § 16-10-24.

[2] (Punctuation and footnote omitted.) *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).

that causes the officers to act; it is only necessary to prove the elements of the obstruction statute, i.e., that the act constituting obstruction was knowing and wilful, and that the officer was lawfully discharging his official duties."[3] In this case, Mathis slapped the officer while he attempted to arrest her for refusing to leave the premises. Thus, there is no question that her conduct was knowing and wilful. We note that Mathis testified that she did not refuse to leave the club or slap the officer. However, we are required to "view the evidence in the light most favorable to the jury's verdict and . . . [can]not weigh the evidence or determine witness credibility."[4]

As to the remaining element of obstruction, that the officer was engaged in the lawful discharge of his official duties, the evidence showed that one of Officer Hamilton's duties was to assist in the club's closing. We have previously held that when an officer, who worked as a bouncer at a bar, escorted out and physically ejected a patron who refused to leave the bar at closing time, he was lawfully discharging his official duty to maintain peace and order.[5] This case does not warrant a different result. Here, Officer Hamilton repeatedly asked Mathis to exit the club, but she refused to comply. "An act directly tending to interfere with, interpose obstacles or impediments, hinder, impede, interrupt in any manner, or prevent or pervert the public administration of justice constitutes obstruction of the police in performing their lawful duty."[6] Accordingly, the evidence in this case was sufficient to support the jury's verdict.

Mathis relies on *Woodward v. State*[7] in support of her argument that the state did not prove the latter element of obstruction. In *Woodward*, also an obstruction case, the defendant was arrested while writing a note to the sheriff as she stood at the clerk's window in a public building. Earlier that day, the defendant had exhibited belligerent conduct during a telephone conversation with a deputy. We found that the deputy's arrest of the defendant was unlawful for several reasons: (1) she was in a public building; (2) she did not present a security threat; (3) her presence in the building was lawful; (4) she had not been told not to enter this particular area; and (5) the deputy had no authority to demand that she leave the premises.[8] *Woodward* is distinguishable from this case. Unlike the defendant in *Woodward*, Mathis was in a private establishment, she had been instructed to leave the building several times to no avail, and Officer

---

[3] (Citations omitted.) *Whaley v. State*, 175 Ga. App. 493, 494 (333 SE2d 691) (1985).

[4] *Yarbrough v. State*, 241 Ga. App. 777, 780-781 (4) (527 SE2d 628) (2000).

[5] *Duncan v. State*, 163 Ga. App. 148, 149 (1) (294 SE2d 365) (1982).

[6] (Citations and punctuation omitted.) *Ballew v. State*, 245 Ga. App. 842, n. 1 (538 SE2d 902) (2000).

[7] 219 Ga. App. 329 (465 SE2d 511) (1995).

[8] Id. at 330 (1).

Hamilton was authorized to demand that she leave the building.

Mathis argues that we should apply to the instant case our finding in *Woodward* that the state was required to provide a certified copy of the ordinance so that the jury could determine whether the defendant's arrest for disorderly conduct was lawful.[9] Mathis' argument is incorrect. In *Woodward*, in the absence of the ordinance, there was no evidence that the officer was lawfully discharging his duties when he arrested the defendant. In this case, however, there was sufficient evidence that Mathis was interfering with Officer Hamilton's duty to clear the club of its patrons, which led to her arrest.

Finally, we note that the admission of the ordinance is not the only means by which the state can prove that an officer lawfully discharged his duties in an obstruction case.[10] We have previously held that testimony that a defendant violently resisted arrest for violating a local noise ordinance was sufficient to authorize a finding of obstruction, even though the ordinance was not admitted into evidence.[11] Also, in *In the Interest of J. T.*,[12] we held that since the local ordinance was not introduced, the question became whether there was sufficient evidence that the officer was in the lawful discharge of his duties. Because we find that the evidence was sufficient to support a finding that Mathis was guilty of obstruction of a law enforcement officer, we affirm.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JULY 9, 2001.

*Charles H. S. Lyons III, Paul W. David*, for appellant.

*Sheryl B. Jolly, Solicitor-General, Elizabeth K. Brooks, Assistant Solicitor-General*, for appellee.

---

[9] Id.
[10] See *In the Interest of J. T.*, 239 Ga. App. 756, 758 (521 SE2d 862) (1999).
[11] *Whaley*, supra; see also *Onwuzuruoha v. State*, 217 Ga. App. 645, 646 (458 SE2d 675) (1995).
[12] Supra.