A03A0638. SCHROEDER v. THE STATE.
(583 SE2d 922)

BARNES, Judge.

Dale Lee Schroeder appeals his conviction of obstruction of an officer in violation of OCGA § 16-10-24. He enumerates as error the denial of his motions for directed verdicts of acquittal and the exclusion of a videotape. We affirm.

Considered in the light most favorable to the jury's verdict, the evidence shows that late one evening, Schroeder had a party for his daughter. After a neighbor, who lived across a lake from Schroeder, complained about loud music from the party, Deputy Skinner responded to the complaint. Deputy Skinner could hear the music from the party at the neighbor's house and throughout the neighborhood, and thus proceeded to the party to control the noise.

Upon arriving at the party, the music was so loud that he could not communicate with anyone. Deputy Skinner approached the rear deck of the house and told the band to stop playing. When Deputy Skinner located Schroeder, the homeowner, Schroeder was intoxicated, and bumped into the deputy. Then, despite repeated warnings to back up, Schroeder continued to bump into the deputy. At this point Schroeder's daughter started yelling obscenities at the deputy, preventing him from talking to Schroeder. Deputy Skinner then turned his attention to the daughter, who ran away. As the deputy followed the daughter, another partygoer stepped in his way, preventing his pursuit. Then a crowd of people encircled the deputy and proceeded to yell obscenities at him.

When the crowd became unruly, additional officers were called to the scene to maintain control, among them Deputy Bowen and Deputy Sanders. Deputy Skinner informed the other deputies that he was looking for Schroeder's daughter, and the three deputies approached the back deck. Mr. and Mrs. Schroeder acknowledged that they were the homeowners. When Deputy Bowen explained that they needed to talk to their daughter, the Schroeders invited the deputies inside to look for her. The deputies found the Schroeders' daughter in the house, but as Deputy Bowen attempted to arrest her, another partygoer interfered by jumping on his back. While Deputy Bowen struggled to arrest the partygoer, Schroeder grabbed his hand. Deputy Sanders then arrested Schroeder for obstruction of justice for interfering with the arrest, and he was later charged with maintaining a disorderly house.

The jury found Schroeder guilty of the obstruction of an officer charge, but not guilty of maintaining a disorderly house. This appeal followed.

.1. Schroeder alleges the trial court erred in denying his motion for directed verdict on the disorderly house charge. This contention is moot, however, as the record shows that the jury found him not guilty for the charge of maintaining a disorderly house. *Moore v. State*, 242 Ga. App. 208, 211 (2) (529 SE2d 210) (2000).

2. Schroeder also alleges the trial court erred in denying his motion for directed verdict of acquittal on the obstruction of an officer charge. Schroeder contends that the initial officer, Deputy Skinner, did not have the legal authority to be on the premises so that any subsequent actions by the officers were illegal; thus, he had the right to interfere with any illegal arrest. We find no merit to this argument. Although

> [w]e recognize, of course, that the Fourth Amendment extends beyond the paradigmatic entry into a private dwelling by a law enforcement officer in search of the fruits or instrumentalities of crime. But it does not extend so far as to prevent the police from making any contact with the citizenry and to hold that the police may not, upon request, although exigent circumstances do not appear, approach the outer doors of a dwelling absent a warrant or consent of an owner or occupant would work that result.

(Citation and punctuation omitted.) *State v. Lyons*, 167 Ga. App. 747, 748 (307 SE2d 285) (1983). This is true even when the officer entered the backyard of the property. Id. In any event, the record shows that after the deputy entered the property, Schroeder consented to the deputies' entry into his home to look for his daughter. This consent

not only operated as a consent to the search of the house, "but it amounts to a waiver of the warrant requirement with respect to the search previously conducted." (Citation and punctuation omitted.) *State v. Sutton*, 258 Ga. 382 (2) (369 SE2d 249) (1988).

Pursuant to OCGA § 17-4-20, a warrantless arrest is legal if any crime is committed in an officer's presence or within his immediate knowledge. This Code section also applies to violations of municipal ordinances. *State v. Koon*, 133 Ga. App. 685 (211 SE2d 924) (1975) (physical precedent only). Here, Deputy Skinner responded to a complaint from a neighbor about excessive noise. Upon arriving at the neighbor's house, Deputy Skinner could hear loud music throughout the neighborhood, even with his car windows rolled up. After arriving at the party, Deputy Skinner realized he could not control the situation, and called other deputies for assistance. Consequently, all of the deputies at the scene were acting in the lawful discharge of their official duties, and appellant's interference with the execution of those duties constituted a violation of OCGA § 16-10-24. See *Whaley v. State*, 175 Ga. App. 493, 494-495 (333 SE2d 691) (1985). Accordingly, this argument is without merit.

Under OCGA § 16-10-24, a person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor. This section applies to obstruction of law enforcement officers in general by the use of violence, threat of violence, or other unlawful means. " 'It is not necessary for the State to prove the underlying offense that causes the officers to act; it is only necessary to prove the elements of the obstruction statute, i.e., that the act constituting obstruction was knowing and wilful, and that the officer was lawfully discharging his official duties.' " *Mathis v. State*, 250 Ga. App. 500-501 (552 SE2d 97) (2001).

Deputy Bowen testified that upon arriving at the party, Deputy Skinner informed him that he needed assistance in apprehending Schroeder's daughter. Once Deputy Bowen located Schroeder's daughter, a woman at the party jumped on his back, stopping him from reaching the daughter. In response, Deputy Bowen subdued the woman and was attempting to arrest her when Schroeder intentionally grabbed his arm. Therefore, in this case, the evidence shows that Schroeder knowingly and wilfully grabbed Deputy Bowen's arm to stop him from arresting a woman at the party while the deputy was in the lawful discharge of his duties. OCGA § 17-4-20; *Whaley v. State*, supra at 494-495. A motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125, 127 (1) (312 SE2d 311) (1984). On

appeal, a reviewing court may consider all the evidence in the case, *Bethay v. State*, 235 Ga. 371, 375 (1) (219 SE2d 743) (1975), and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). Upon review in this light, the evidence reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Schroeder was guilty of obstruction of a police officer in violation of OCGA § 16-10-24. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Mai v. State*, 259 Ga. App. 471, 473 (1) (577 SE2d 288) (2003).

3. Schroeder further alleges the trial court erred in not admitting a videotape of the party into evidence. He contends that the tape should have been admitted because it is the only tape of the party and it can be used to impeach Deputy Skinner's testimony. As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. *Whisnant v. State*, 178 Ga. App. 742, 743 (1) (344 SE2d 536) (1986). Here, the videotape does not depict the encounter between Deputy Bowen and Schroeder; it shows only events that took place prior to Deputy Bowen's arrival. Evidence admitted at trial must be relevant to the present charge. OCGA § 24-2-1. Furthermore, the tape cannot be used for the impeachment of Deputy Skinner's testimony if events related to the contested testimony are not on the tape. Schroeder has not demonstrated an abuse of the trial judge's discretion concerning the admissibility of the tape. Therefore, this enumeration of error is also without merit.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JUNE 24, 2003 — 

*Martin L. Fierman*, for appellant.
*Donald W. Huskins, Solicitor-General*, for appellee.