A04A0201. DEVEAUX v. THE STATE.
(599 SE2d 277)

RUFFIN, Presiding Judge.

A jury found Jason Micaiah Deveaux guilty of two counts of obstructing an officer, as well as one count each of criminal damage to property and simple assault. Deveaux appeals, asserting that the trial court erred in admitting evidence of two similar transactions. For reasons that follow, we affirm.

Viewed favorably to the jury's verdict,[1] the record reflects that on October 21, 2002, Officer Shinholster of the Cobb County Police Department responded to a call involving a fight between an auto transmission shop's owner and two males. When the officer arrived at the scene, he saw Deveaux and his brother outside the shop, yelling and screaming. He tried to calm Deveaux so that Deveaux could explain the situation to him. The brothers attempted to grab the officer's shirt. Then they turned and ran, and Officer Shinholster chased Deveaux's brother while another officer chased Deveaux. Officer Shinholster later smelled alcohol on Deveaux's breath, and he testified that it seemed like Deveaux "just wanted to fight." A witness testified that Deveaux was screaming obscenities and making obscene gestures at the officers.

At trial, the court allowed evidence of two similar transactions involving Deveaux's conduct toward the police, one of which occurred on October 6, 2000, and the other which occurred on April 6, 2003. With respect to the October 6 incident, Officer Danz of the Cobb Anti-Gang Enforcement Unit testified that he stopped a vehicle for operating without headlights, and that the Deveaux brothers were passengers in that vehicle. Both of the brothers fled on foot, and Deveaux grabbed a knapsack that the officer was about to search. Deveaux was arrested for obstruction.

With respect to the April 6 incident, Officer Kinkaid of the Cobb County Police Department testified that he responded to a domestic dispute involving Deveaux. Deveaux had been drinking, and when the officer tried to talk with him, Deveaux started yelling obscenities at the officer and screaming about how he hated the police. He would not stop yelling even though the officer told him that his profanity and conduct were unacceptable.

Deveaux argues on appeal that the State failed to show a "logical connection" between the similar transaction incidents and the obstruction charges stemming from the October 21 arrest. "The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion."[2] And we fail to find such abuse here. As we have previously held, similar transactions need not be identical to be admitted into evidence.[3] Rather, the evidence must show sufficient similarity between the crime charged and the prior crime such that proof of the

---

[1] See *Gay v. State*, 258 Ga. App. 854 (575 SE2d 740) (2002).

[2] (Punctuation omitted.) *Smith v. State*, 247 Ga. App. 676, 678 (2) (545 SE2d 89) (2001).

[3] See *Martin v. State*, 219 Ga. App. 277 (464 SE2d 872) (1995).

former tends to prove the latter.[4] Here, during the October 6 incident, Deveaux fled from officers, just as he fled from officers on October 21. During the April 6 incident, he was uttering obscenities and yelled at an officer, just as he did on October 21. Since the record supports the trial court's ruling that these instances were relevant to show course of conduct and bent of mind with respect to the obstruction charges at issue, we find no error.[5]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED MAY 7, 2004.

Patrick G. Longhi, for appellant.
Patrick H. Head, District Attorney, Amy H. McChesney, H. Maddox Kilgore, Assistant District Attorneys, for appellee.

---

[4] See id.
[5] See *Talmadge v. State*, 236 Ga. App. 454, 456 (1) (c) (512 SE2d 329) (1999).