## A04A0880. ESTRADA v. THE STATE.
### (603 SE2d 721)

ANDREWS, Presiding Judge.

Sergio F. Estrada appeals following his conviction by a jury of felony obstruction of a law enforcement officer, giving a false name, driving with a suspended license, brake light violation, and improper lane change. Estrada appeals only the felony obstruction of a law enforcement officer conviction, arguing there was insufficient evidence to support it. Estrada also argues that the sentence entered on this conviction was clearly erroneous and must be corrected. After reviewing the record, we conclude that there was sufficient evidence to support the conviction and we affirm the conviction. However, as the trial court imposed an illegal sentence, we vacate the sentence and remand for resentencing.

1. In his first enumeration of error, Estrada challenges the legal sufficiency of the evidence to support a conviction for felony obstruction of a law enforcement officer.

> On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the verdict will be upheld.

*Moore v. State*, 254 Ga. App. 134 (561 SE2d 454) (2002).

So construed, the evidence at trial was that on December 6, 2002, Georgia State Patrol Trooper Griffin stopped Estrada's car after observing it had a defective brake light and a possibly defective turn signal. When Trooper Griffin asked Estrada for his name and license, Estrada told her he did not have his license and supplied her with a false name — Gaumiial Mendes. As Trooper Griffin was checking this name back at her car, she observed Estrada get out of his car and run. After radioing the post, Trooper Griffin began chasing Estrada and caught him in a driveway next to a restaurant. Estrada struggled with Trooper Griffin and tried to kick her off of him while yelling, "I can't go to jail." When Trooper Griffin attempted to place handcuffs on Estrada, he broke away and started swinging at her when she grabbed onto his jacket. Trooper Griffin then released the jacket to avoid being struck and Estrada again fled before being apprehended by Trooper Bell. Estrada similarly did not voluntarily place his arms

behind his back as directed by Trooper Bell, who was forced to apply a wrist lock before securing Estrada.

Estrada contends that the evidence was insufficient because there is no evidence that he knowingly offered to do violence to Trooper Griffin or Trooper Bell. A person is guilty of felony obstruction of a law enforcement officer if that person knowingly resists, obstructs, or opposes a law enforcement officer in the lawful discharge of his duties by offering or doing violence to that officer. OCGA § 16-10-24 (b). As set out above, the record is replete with evidence that a struggle ensued between Estrada and Trooper Griffin after Estrada fled from his stopped car. Estrada acknowledges that a struggle occurred but argues that no violence befell Trooper Griffin during that struggle. However, proof of an injury to the officer is not required to satisfy the elements of felony obstruction of an officer. See *Fricks v. State*, 210 Ga. App. 562, 563 (436 SE2d 752) (1993). Trooper Griffin's testimony that Estrada kicked her and swung at her is sufficient evidence to support a felony obstruction charge. *Phillips v. State*, 267 Ga. App. 733, 734 (1) (601 SE2d 147) (2004).

2. In his second enumeration of error, Estrada argues that his sentence was clearly erroneous.

A person convicted of felony obstruction of a law enforcement officer shall be imprisoned for "not less than one nor more than five years." OCGA § 16-10-24 (b). The trial court initially sentenced Estrada to ten years for his felony conviction, with seven to be served in the state prison system and three years to be served on probation. Following Estrada's motion for reconsideration, however, the trial court amended this sentence to ten years, with five years to be served in the state prison system and five years to be served on probation. Estrada argues that the amended sentence remains illegal because the total sentence of ten years exceeds the maximum allowable sentence by five years.

The State has totally failed to address this issue. Nonetheless, while a judge has the power to probate all or part of a sentence, see OCGA § 17-10-1 (a) (1), the sentence imposed must be within the minimum and maximum prescribed by law as punishment for the crime. Id. The trial court's ten-year total sentence exceeds the maximum permissible sentence of five years. OCGA § 16-10-24 (b). Accordingly, the trial court's sentencing order is vacated and this case is remanded only for resentencing on the obstruction of a law enforcement officer conviction. *Miller v. State*, 226 Ga. App. 133, 135 (3) (486 SE2d 368) (1997).

*Judgment affirmed. Sentence vacated and case remanded for resentencing. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 20, 2004.

*Kelley A. Dial,* for appellant.
*T. Joseph Campbell, District Attorney, Gregory S. Dickson, Assistant District Attorney,* for appellee.