A05A1517. HARRIS v. THE STATE.
(622 SE2d 905)

BERNES, Judge.

A Bibb County jury convicted appellant Jerry Odell Harris of three counts of felony obstruction of a law enforcement officer. Harris appeals, challenging the sufficiency of the evidence and asserting error in the trial court's admission of similar transaction evidence. Finding no error, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence." *Estrada v. State*, 269 Ga. App. 185 (1) (603 SE2d 721) (2004). So viewed, the State's evidence showed that on December 13, 2003, Officer Amy Wheeler, Officer Roy Chestnut, and Sergeant Walter Avery of the Macon Police Department responded to a disturbance call in the emergency room

---

("ER") of Macon Northside Hospital. When the officers arrived at the hospital, they observed a crowd of 20 to 30 people gathered in the ER, which was extremely busy at the time. A nurse informed the officers that Harris' grandmother had passed away and that the gathering crowd of family members and friends was becoming disorderly and uncontrollable as they flowed back into the treatment area where the deceased's body was located.

In an effort to restore order, Officer Wheeler positioned herself in the doorway between the ER's waiting area and the treatment area while the other officers went to talk to family members who were with the deceased in the treatment area. Harris approached the doorway, pushing his mother in a wheelchair, and told Officer Wheeler to move out of the way. Officer Wheeler instructed Harris to wait and turned to speak to a nurse in order to ascertain whether Harris and his mother were authorized to enter the treatment area. Harris became belligerent and yelled, "I'm not going to f--ing wait. I've lost my grandmother, I'm not going to lose my mother." When Harris stepped in front of his mother's wheelchair, Officer Wheeler instructed him to "back off." Harris then "physically bowed up his chest and started walking" toward the officer. Officer Wheeler raised her right hand, placed it on his chest, and told him several more times to back off. After Harris failed to comply with her command, Officer Wheeler requested assistance from the other officers. As Officer Chestnut rounded the corner, Harris struck Officer Wheeler with his hand and pushed her against the wall.

Officer Chestnut immediately told Harris that he was under arrest and attempted to handcuff him. Harris resisted; he tackled Officer Chestnut, placed him in a headlock, and pinned him against a medical supplies stand. As a result of the struggle, Officer Chestnut suffered lacerations to his hand and scalp.

Officer Wheeler, Sergeant Avery, and several of Harris' family members tried to separate Harris from Officer Chestnut. Harris continued to struggle and curse loudly. In the course of the struggle, Harris kicked Sergeant Avery. Harris finally stopped resisting when it became apparent that Sergeant Avery was going to use pepper spray on him.

1. A person commits felony obstruction of a law enforcement officer when he "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer." OCGA § 16-10-24 (b). Harris contends the State failed to prove that the officers were in the lawful discharge of their duties. He contends that the officers acted unlawfully and without probable cause. We disagree.

Law enforcement officers have a duty to preserve public order, to maintain the peace, and to protect lives, persons, property, health and morals. See *Veit v. State*, 182 Ga. App. 753, 756 (2) (357 SE2d 113) (1987); *Carr v. State*, 176 Ga. App. 113, 114 (1) (335 SE2d 622) (1985). The officers in this case were acting consistent with this duty when they responded to the disturbance call and, at the request of hospital personnel, attempted to maintain order in the hospital's ER. See *Schroeder v. State*, 261 Ga. App. 879, 881 (2) (583 SE2d 922) (2003); *Mathis v. State*, 250 Ga. App. 500, 500-501 (552 SE2d 97) (2001). As such, Officer Wheeler was in the lawful discharge of her duties when she ordered Harris to wait for the nurse's authorization to enter the treatment area. *Veit*, 182 Ga. App. at 757 (2).

Furthermore, "[a] warrantless arrest is authorized if any crime is committed in an officer's presence or within his immediate knowledge. OCGA § 17-4-20 [(a)]." *Veit*, 182 Ga. App. at 757 (2). When Harris disobeyed Officer Wheeler's lawful commands to wait and to back off, he committed the crime of misdemeanor obstruction. OCGA § 16-10-24 (a); *Norman v. State*, 214 Ga. App. 408, 409 (448 SE2d 219) (1994); *Hendrix v. State*, 202 Ga. App. 54, 54-55 (1) (413 SE2d 232) (1991), overruled on other grounds, *Duke v. State*, 205 Ga. App. 689 (423 SE2d 427) (1992). When he thereafter struck and pushed Officer Wheeler, he committed the crimes of felony obstruction and simple battery against a law enforcement officer. OCGA §§ 16-10-24 (b); 16-5-23 (e); *Bounds v. State*, 264 Ga. App. 584, 585 (1) (591 SE2d 472) (2003); *Carr*, 176 Ga. App. at 115 (1). Accordingly, at the time Officer Chestnut observed Harris disobey and strike Officer Wheeler, Officer Chestnut had more than adequate probable cause to support the arrest of Harris. See *Norman*, 214 Ga. App. at 409. Because the police officers were lawfully discharging their duties and Harris' arrest was lawful, Harris' resistance was not justified.[1] *Massey v. State*, 267 Ga. App. 482, 484 (600 SE2d 437) (2004); *Veit*, 182 Ga. App. at 757 (2) ("physical resistance to a legal arrest [is] not authorized").

The evidence showed that Harris knowingly and wilfully did violence to each of the three responding officers at the hospital. Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found appellant guilty of three counts of felony obstruction of a law enforcement officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Estrada*, 269 Ga. App. at 186 (1); *Boyington v. State*, 253 Ga. App. 411 (559 SE2d 154) (2002).

---

[1] We also hold that the jury was authorized to find that Harris' resistance was not legally justified under OCGA § 16-3-20. Although Harris contended that he was attempting to get medical assistance for his mother who was having a seizure, the jury was authorized to disbelieve Harris and reject this defense. See *Arsenault v. State*, 257 Ga. App. 456, 457 (2) (571 SE2d 456) (2002).

2. Harris further claims that the trial court erred in admitting evidence of a prior obstruction of a law enforcement officer perpetrated by Harris. "Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible." (Citation omitted.) *Porter v. State*, 264 Ga. App. 526, 531 (4) (591 SE2d 436) (2003).

The State's evidence showed that on November 20, 2002, Bibb County sheriff's deputies encountered Harris while executing a search warrant at a residence where Harris was a guest. After entering the residence, the deputies instructed all the occupants of the residence to get on the floor. Harris refused to comply with the deputies' request. After the deputies took a beer bottle from Harris, he began cursing and fought the officers until he was secured on the ground.[2] Following a hearing conducted pursuant to Uniform Superior Court Rule 31.3 (B), the trial court determined that this evidence was admissible to show Harris' course of conduct.

In order for similar transaction evidence to be admitted at trial, the State must make three affirmative showings:

> First, the State must demonstrate that it seeks to introduce such evidence for an appropriate purpose, such as illustrating appellant's identity, intent, course of conduct, and bent of mind; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; third, the State must demonstrate a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (409 SE2d 649) [(1991)].

*Harris v. State*, 222 Ga. App. 83, 84 (1) (473 SE2d 245) (1996). Harris contends that the State failed to show that the challenged evidence was sufficiently similar to the charged crime or that it was offered for a proper purpose. We disagree.

"[S]imilar transactions need not be identical to be admitted into evidence. Rather, the evidence must show sufficient similarity between the crime charged and the prior crime such that proof of the former tends to prove the latter." (Citations and footnotes omitted.) *Deveaux v. State*, 267 Ga. App. 307, 308-309 (599 SE2d 277) (2004). In both the November 20, 2002 and December 13, 2003 incidents, Harris refused to comply with the law enforcement officers' instructions, cursed at the officers, and physically resisted by struggling with the

---

[2] During his trial testimony, Harris recalled the November 20, 2002 incident with the law enforcement officers, but denied engaging in a physical altercation.

officers. As such, the similar transaction evidence was properly admitted to show Harris' course of conduct in resisting law enforcement officers in the performance of their duties. See *Porter*, 264 Ga. App. at 531 (4); *Deveaux*, 267 Ga. App. at 308-309.

We reject Harris' assertion that the trial court erred in failing to exclude the similar transaction evidence on the basis of undue prejudice. A ruling as to prejudice "is not, strictly speaking, [a] part of the *Williams* analysis, and the [superior] court [was] not obligated to make an express finding on [the] issue." *Newman v. State*, 233 Ga. App. 794, 795 (2) (504 SE2d 476) (1998). Nevertheless, because the challenged evidence was relevant to rebut Harris' claim of justification, we find a "probative connection" which outweighs any prejudice arising from the similar transaction's admission into evidence. See *Menefee v. State*, 270 Ga. 540, 543 (512 SE2d 275) (1999); *Farley v. State*, 265 Ga. 622, 625 (2) (458 SE2d 643) (1995). The trial court did not abuse its discretion in admitting the similar transaction evidence.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 4, 2005.

*Bernadette C. Crucilla*, for appellant.
*Howard Z. Simms, District Attorney, Thomas, Means, Gillis & Seay, Eugene Felton, Jr.*, for appellee.