A07A2292. LOVE et al. v. THE STATE.
(659 SE2d 835)

MILLER, Judge.

Kristina Frey Love and her husband, Arman Sharafshahi (collectively, "Appellants"), appeal from an order of the trial court denying their motion to suppress evidence obtained from their home pursuant to a search warrant, claiming that the warrant resulted from law enforcement's illegal entry into their residence. Discerning no error, we affirm.

When reviewing a ruling on a motion to suppress, where, as here, the evidence is uncontroverted and there exists no question regarding witness credibility, we review de novo the trial court's application of the law to the facts presented. *State v. Dymond*, 248 Ga. App. 582, 584 (1) (546 SE2d 69) (2001). In doing so, however, "we construe all evidence presented in favor of the trial court's findings and judgment," *McDaniel v. State*, 263 Ga. App. 625, 626-627 (1) (588 SE2d 812) (2003), and "[w]e will not disturb the trial court's order on a motion to suppress if there is any evidence to support it." Id.

The evidence presented at the motion to suppress hearing showed that on February 4, 2006, Appellants' neighbor called 911 to report that Appellants' front door was "wide open," although no one appeared to be home. Officers Kerr and Kolbenschlag of the DeKalb County Police Department were dispatched to the scene, where they met with Appellants' neighbor and confirmed that, even though it was dark and cold outside, Appellants' front door was standing open.

Although a car was parked in the driveway, there were no lights on inside the residence. The officers stood on the threshold of the house and called out several times, identifying themselves as police officers and asking if anyone was home. When they received no response, the officers entered the house to conduct a sweep of the same to check for possible intruders. The officers went from room to room, calling out and identifying themselves as police officers as they went.

Hearing sounds coming from above, the officers proceeded upstairs. When they reached the second floor, they noticed a "heavy scent" of marijuana. The officers checked all three bedrooms on the second floor, and in one of those found a marijuana plant situated under a grow light as well as additional materials used for growing cannabis. In the adjoining bathroom, the police found two cabinets, approximately five and a half feet tall, that had interior lights and fans running. Upon opening those cabinets, they discovered more marijuana plants and grow lights.

Following their discovery of the marijuana, the police completed a sweep of the attic, and then contacted their supervisor and the department's narcotics division. They were told to secure the scene until a search warrant could be obtained. While the officers did so, Appellants returned home and were arrested. The evidence relating to Appellants' marijuana growing activities was subsequently seized pursuant to a search warrant.

Appellants were each indicted on charges of manufacturing a controlled substance and possession of marijuana with the intent to distribute, in violation of OCGA § 16-13-30 (j) (1). Prior to trial, they moved to suppress evidence seized from their home, arguing that law enforcement's entry into their residence without a warrant violated the Fourth Amendment. Following a hearing on that motion, the trial court denied the same, finding that exigent circumstances justified the officers' entry into Appellants' home. After the trial court granted Appellants' request for a certificate of immediate review, they filed a motion for an interlocutory appeal, which was granted. This appeal followed.

Appellants' motion to suppress was based upon the well-established principle that the Fourth Amendment usually prohibits police officers from entering a person's home without the homeowner's consent, absent a warrant allowing them to do so. See, e.g., *State v. Pando*, 284 Ga. App. 70, 72 (1) (a) (643 SE2d 342) (2007). An exception to the warrant requirement exists, however, where "the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." (Citations and punctuation omitted.) *Brigham City v. Stuart*, 547 U. S. 398, 403 (II) (126 SC 1943, 1947, 164 LE2d 650) (2006).

Appellants argue that the trial court erred in finding exigent circumstances in this case, because there was no evidence that the police officers' entry into their home was necessary to "protect or preserve life or to avert serious injury." Appellants note there was no evidence of forced entry at their residence, no reports of suspicious vehicles, activities, or persons, and no evidence that anyone was even in their house when police arrived. They therefore claim that, rather than entering and conducting a sweep of their residence, the police should have simply secured the house by closing the door. We disagree, noting that Appellants' arguments fail to acknowledge the scope of the exigent circumstances exception.

Those cases applying the exigent circumstances exception to the Fourth Amendment's warrant requirement can be divided into two general categories. The first category addresses those exigent circumstances encountered by police in the pursuit of their traditional law enforcement duties — i.e., their duty to enforce criminal and traffic laws and to prevent, detect, and investigate crime. See OCGA § 35-8-2 (8) (A). In that context, exigent circumstances may be found where an officer is in hot pursuit of a fleeing felon, where an officer reasonably fears the imminent destruction of evidence if entry into the residence is not immediately effected, and where an officer reasonably perceives that a suspect within the dwelling poses a risk of danger to the police or others. See *Minnesota v. Olson*, 495 U. S. 91, 100 (110 SC 1684, 109 LE2d 85) (1990); *State v. Ealum*, 283 Ga. App. 799, 802 (643 SE2d 262) (2007).

The second category of cases addresses exigent circumstances encountered by police in the pursuit of their duties "to preserve public order, to maintain the peace, and to protect lives, persons, property, health and morals. [Cits.]" *Harris v. State*, 276 Ga. App. 234, 236 (1) (622 SE2d 905) (2005). See also OCGA § 35-8-2 (8) (A). In these cases, police do not enter a residence for the purpose of arresting or seizing evidence against an occupant; rather, they enter in response to what they reasonably perceive as an emergency involving a threat to life or property.

In making their argument, Appellants rely on a narrow subcategory of these cases, which holds that the Fourth Amendment's warrant requirement does not apply where police enter a residence because they reasonably believe that a person in the dwelling is injured or is in imminent danger, and therefore requires their assistance. See *Brigham City v. Stuart*, supra, 547 U. S. 398, 126 SC at 1947; *State v. Ealum*, supra, 283 Ga. App. at 802 ("Exigent circumstances include emergency situations where the warrantless entry is justified to protect or preserve life or to avert serious injury.") (citation and punctuation omitted); *Leon-Velazquez v. State*, 269 Ga. App. 760, 762 (605 SE2d 400) (2004) ("[T]he Fourth Amendment does not bar

police from making a warrantless entry when the officer reasonably believes that a person within the dwelling needs immediate aid.") (footnote omitted). Appellants assert that because there was no evidence that anyone was in the house, the police could not have reasonably believed that their entry was necessary to render emergency aid.

We disagree, finding that the presence of a car in Appellants' driveway, combined with the other circumstances confronted by police, supported a reasonable belief that a resident of the home might be inside, the victim of an accident, medical emergency, or foul play.

More importantly, we note that exigent circumstances can exist even in situations where a dwelling appears to be unoccupied. As noted above, such circumstances may be found in emergency situations where the police reasonably believe their assistance is required to protect property. See *Mincey v. Arizona*, 437 U. S. 385, 392-393 (98 SC 2408, 57 LE2d 290) (1978); *United States v. Cervantes*, 219 F3d 882, 888 (9th Cir. 2000) (warrantless entry justified if, upon arriving at the scene, the police "have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property"); *United States v. Quezada*, 448 F3d 1005, 1007 (II) (8th Cir. 2006) ("A police officer may enter a residence without a warrant as a community caretaker where the officer has a reasonable belief that an emergency exists requiring his or her attention."); *People v. Mitchell*, 39 NY2d 173 (347 NE2d 607, 609) (N.Y. 1976).

We find that the police in this case had a reasonable basis for believing that such an emergency existed. They received a 911 call from a concerned neighbor, who feared that a burglary had occurred or was occurring at Appellants' home. When they arrived at the scene, police found Appellants' front door standing open, despite the fact that it was cold and dark outside. No lights were on inside and no one responded to the calls of the police officers from the doorway. Officer Kerr testified that, in his experience, these circumstances indicated a possible burglary or domestic disturbance. Given these facts, we find that the police officers were justified in conducting a search for possible intruders. See *United States v. Tibolt*, 72 F3d 965, 970-971 (1st Cir. 1995) (holding that exigent circumstances authorizing warrantless entry into home existed where police were responding to report of possible burglary); *United States v. Singer*, 687 F2d 1135, 1144 (8th Cir. 1982) (holding that a warrantless entry was justified where "it seemed apparent that a burglary was in progress"); *United States v. Meixner*, 128 FSupp.2d 1070, 1073-1074 (E.D. Mich. 2001) (as part of their routine community caretaking functions, police officers may enter premises where there exists direct evidence of a

home invasion); *State v. Haines*, 543 S2d 1278 (Fla. App. 1989) (motion to suppress evidence of marijuana found growing in closet denied where police conducted a warrantless sweep of the residence in response to a neighbor's call reporting that the residents were out of town and their front door was open).[1]

Furthermore, the nature and duration of the officers' warrantless sweep of Appellants' residence demonstrates that they did not enter the home for the purpose of discovering and seizing evidence. The sweep was relatively short in duration, and the officers searched only those areas in which an intruder could have been hiding, and did not search drawers or other areas where such an intruder could not conceivably have been hidden. Additionally, the officers' conduct after seeing the evidence also supports the conclusion that they entered the residence for the sole purpose of responding to an emergency. Even though the plain view doctrine would have justified an immediate seizure of the marijuana and other evidence (see *Texas v. Brown*, 460 U. S. 730, 739 (103 SC 1535, 75 LE2d 502) (1983); *Leon-Velazquez v. State*, supra, 269 Ga. App. at 762-763), the officers nevertheless erred on the side of the Fourth Amendment, and obtained a search warrant before seizing those items.

Because we find that the warrantless entry into Appellants' home was justified by exigent circumstances, we affirm the trial court's order denying Appellants' motion to suppress evidence obtained as a result of that entry.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MARCH 24, 2008 — 

*Michael D. Mann*, for appellants.
*Gwendolyn Keyes Fleming, District Attorney, Heather C. Waters, Assistant District Attorney*, for appellee.

---

[1] Notably, each of these cases, like that of Appellants', involved situations where police officers were responding to an emergency call for assistance placed by a third party – i.e., one who was not an occupant of the house in question.