## A08A2153. JARVIS v. THE STATE.

(669 SE2d 477)

JOHNSON, Presiding Judge.

A jury found Dorothy Jarvis guilty of misdemeanor obstruction of a law enforcement officer. Jarvis appeals, alleging the trial court erred in failing to grant her motion for a directed verdict of acquittal and that the evidence was insufficient to support the jury's verdict. We find no error and affirm Jarvis' conviction.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for determining the sufficiency of the evidence to support a conviction: We view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] We leave the resolution of conflicting or contradictory testimony and the credibility of the witnesses to the jury.[2]

---

[1] See *Mathis v. State*, 250 Ga. App. 500, 500-501 (552 SE2d 97) (2001).
[2] See *Taul v. State*, 290 Ga. App. 288, 289 (2) (659 SE2d 646) (2008).

Viewed in that light, the evidence shows that a deputy with the Lowndes County Sheriff's Department received a call about dogs chasing people down the road. When he arrived at the scene, someone directed him to Jarvis' house, where he saw two dogs in the front yard that matched the description provided by the caller. The deputy beeped his horn, and Jarvis approached the deputy's car. The deputy asked Jarvis to secure the dogs and told her a neighbor had called and reported that her dogs were chasing people down the street. Jarvis became upset, told the officer she knew who had made the call, and stated, "you can tell them for me that they can kiss my —." At that point, the deputy informed Jarvis that an animal control officer was on his way, he backed his vehicle onto the road, and he called for backup.

Eventually the animal control officer and a sergeant arrived on the scene, and the three officers met with Jarvis. The animal control officer noticed the dogs were not wearing their required rabies tags, but Jarvis stated the tags were inside the house, and she went inside to retrieve them. Jarvis came back outside and handed the animal control officer a telephone so that he could speak to her son. Jarvis' son stated that he had the rabies tags and would bring them to the property. When the animal control officer indicated he was going to impound the dogs for failure to have their rabies tags, Jarvis told the officers she was going to take the dogs inside her house and they would need to get a warrant to get the dogs.

Jarvis began walking toward her house, calling the dogs. Officers followed her onto her property and told her not to obstruct them. However, Jarvis continued to walk toward her house, calling the dogs to her. The deputy placed his hand on Jarvis to stop her, at which point Jarvis "spun around, took both hands and shoved [the deputy] into the chest area with both hands, striking [him] and causing [him] to stumble backwards about a foot or so." The deputy then grabbed Jarvis' left arm and did an "arm bar take down." Jarvis was arrested and charged with obstruction. After Jarvis was transported from the scene, but before the dogs could be captured and transported to animal control, Jarvis' son and daughter-in-law arrived with the rabies tags, and the dogs were allowed to remain on Jarvis' property.

Jarvis introduced evidence that the animal control officer did not find any paw prints from the dogs in the road. The animal control officer further testified on cross-examination that both dogs wore shock collars and there was an underground electric fence surrounding Jarvis' yard. According to his report, he did not believe Jarvis' dogs left the property. A neighboring witness testified that she watched the entire incident, and she never saw Jarvis shove or hit anybody.

1. Jarvis contends the trial court erred in failing to grant her motion for a directed verdict of acquittal and that the evidence was insufficient to sustain the jury's verdict because she was entitled to resist an unlawful search of her premises. First, we note that Jarvis did not file a motion to suppress because nothing was, in fact, seized from the property. Moreover, the record supports the trial judge's finding that exigent circumstances existed to justify the officers' warrantless entry onto Jarvis' property because the officers observed that Jarvis' dogs did not have their required rabies tags, and further investigation, including the capturing of the animals, was necessary to protect the public against a risk of rabies. Whether exigent circumstances exist is a question of fact to be determined by the trial court, not this Court.[3]

Contrary to Jarvis' contention,

[i]t is not necessary for the State to prove the underlying offense that causes the officers to act; it is only necessary to prove the elements of the obstruction statute, i.e., that the act constituting obstruction was knowing and wilful, and that the officer was lawfully discharging his official duties.[4]

Here, Jarvis was charged with obstructing and hindering a law enforcement officer in the lawful discharge of his official duties.[5] This would include Jarvis' action in shoving the deputy, as well as Jarvis' failure to obey orders made by the deputy in his efforts to assist the animal control officer. "An act directly tending to interfere with, interpose obstacles or impediments, hinder, impede, interrupt in any manner, or prevent or pervert the public administration of justice constitutes obstruction of the police in performing their lawful duty."[6]

While Jarvis and her neighbor both testified that she did not shove the deputy, we are required to view the evidence in the light most favorable to the jury's verdict, and we cannot weigh the evidence or determine witness credibility.[7] In addition, this misdemeanor obstruction statute does not contain any element of "vio-

---

[3] See *Mackay v. State*, 291 Ga. App. 733, 735 (662 SE2d 814) (2008); *Morgan v. State*, 285 Ga. App. 254, 259 (1) (a) (645 SE2d 745) (2007).

[4] (Punctuation and footnote omitted.) *Mathis*, supra at 500-501.

[5] The offense of obstructing an officer is committed when a person "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties." OCGA § 16-10-24 (a).

[6] (Punctuation and footnote omitted.) *Mathis*, supra at 501.

[7] Id.

lence."[8] Whether Jarvis' comments and actions constituted threats that obstructed or hindered the deputy was for the trier of fact to decide.[9] The evidence was sufficient to enable a rational trier of fact to find that Jarvis obstructed or hindered the law enforcement official.

2. Jarvis also contends that because the animal control officer had no legal authority to charge her with a violation of a county ordinance, the deputy was not lawfully discharging his duty at the time of her arrest. We disagree.

Section 4A of the Lowndes County ordinance regarding animal control provides that it is unlawful "for any owner or custodian to keep any dog, cat, or ferret in the county unless the animal at all times . . . is wearing a valid and current in effect rabies control tag." Section 18 of this same ordinance provides as follows:

> [A]nimal service officer[s] and law enforcement officials of the various jurisdictions, of or within the county[,] shall be the enforcement officials for this ordinance. These officials shall have an authority to act on behalf of the county and participating municipalities and the animal control board in investigating complaints, impounding, and destroying animals, executing warrants, issuing citations, making arrests and other lawful actions as required to enforce the provisions of this ordinance. It shall be a violation of this ordinance to interfere with any animal service officer or other law enforcement official in performance of his duties under this ordinance.

Jarvis argues that OCGA §§ 31-19-1 and 31-19-7 provide that the County Board of Health is required to appoint a person to be the County rabies control officer and that this appointed person has the duty of enforcing rabies laws. According to Jarvis, the state failed to prove that the animal control officer in the present case had the proper authority to enforce the rabies laws. However, the record shows that the officer was employed by Lowndes County animal control, which included rabies control, he wore a county uniform and carried a county badge, and he drove a county vehicle marked "Lowndes County Animal Control." Whether this evidence was sufficient to show that the animal control officer at issue here had the authority to seize the dogs was a question of fact for the jury. Moreover, the ordinance at issue provides that Lowndes County law

---

[8] See *Carter v. State*, 222 Ga. App. 397, 398 (1) (474 SE2d 228) (1996).
[9] Id.

enforcement officials are authorized to enforce the ordinance, including the impounding of animals. The evidence was sufficient for a rational trier of fact to find that the deputy in the present case was lawfully discharging his official duty when he attempted to assist the animal control officer in seizing the dogs.

The evidence was sufficient to authorize a rational trier of fact to find Jarvis guilty beyond a reasonable doubt of the offense of misdemeanor obstruction of an officer, and the trial court properly denied Jarvis' motion for a directed verdict of acquittal.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 10, 2008.

*Terry & Peterman, Jody D. Peterman*, for appellant.
*Richard W. Shelton, Solicitor-General*, for appellee.