## A08A2089. THE STATE v. CULPEPPER.
(672 SE2d 494)

MIKELL, Judge.

Elton Ray Culpepper was indicted on charges of trafficking in cocaine, possession of a firearm during the commission of a crime, possession of a firearm by a convicted felon, and possession of marijuana. Culpepper filed a motion to suppress, arguing that the search of his apartment violated his constitutional rights. The trial court entered an order granting Culpepper's motion to suppress, from which the state appeals, asserting that the officers' search of Culpepper's apartment, which resulted in the discovery of the contraband, was justified by exigent circumstances. Because there was some evidence to support the trial court's ruling, we affirm.

We review a trial court's order on a motion to suppress under the "any evidence" standard, that is, we will not disturb such an order

---

if there is any evidence to support it.[1] "[T]he trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. We construe all evidence presented in favor of the trial court's findings and judgment."[2]

So construed, the evidence adduced at the suppression hearing showed that officer Anthony L. Thomas of the Clayton County Police Department received a radio dispatch concerning an armed robbery by two men, one carrying a handgun, reported to be taking place at an apartment at 1208 Chase Village Drive in Jonesboro. Thomas went to the scene and saw Culpepper enter the apartment in question and close the door. Not knowing whether Culpepper might be one of the robbers, Thomas called for backup. As he waited for backup to arrive, he saw Culpepper open the door to the apartment, whereupon Thomas asked him to show his hands, handcuffed him, determined that he was not armed, and detained him. Culpepper told Thomas that he lived in the apartment; that he was not one of the robbers; and that the robbers had left the apartment. Shortly thereafter, Culpepper's girlfriend emerged from an upstairs apartment and confirmed that Culpepper lived at the apartment and that he was not one of the robbers. She told Thomas that when the robbers entered the apartment, she fled the apartment and went upstairs to call 911. Thomas then released Culpepper. While Culpepper and the girlfriend remained outside the apartment, Thomas and another officer entered the apartment in order to sweep the apartment for suspects. Neither Culpepper nor his girlfriend gave the officers permission to search the apartment. Thomas testified at the suppression hearing that he heard no commotion or other sound inside the apartment that would have indicated the existence of an emergency inside the apartment.

Upon entering the apartment, the officers found marijuana and drug paraphernalia in plain view. The officers then obtained a search warrant for the apartment and, upon search pursuant to the warrant, found a large quantity of cocaine.

In ruling on Culpepper's motion to suppress, the trial court found that Thomas was satisfied that Culpepper was a resident of the apartment and not one of the armed robbers, because Thomas released Culpepper and left him outside while Thomas went inside to conduct the search. The trial court also found that the officers searched the apartment without the consent of either Culpepper or his girlfriend; that Culpepper told Thomas that the perpetrators were no longer in the apartment; and that the officers heard no

---

[1] *State v. Gray*, 285 Ga. App. 124 (645 SE2d 598) (2007).

[2] (Footnote omitted.) Id.

movement or other sound from inside the apartment that would have indicated that the robbers were still inside the apartment. Therefore, the trial court found that the officers did not have a reasonable belief that entry into the apartment was necessary.

The state contends that the trial court erred in finding that the officers' sweep through the apartment was a warrantless search which was not justified by exigent circumstances. After construing all the evidence in favor of the trial court's findings, we find no error.

"[A]bsent exigent circumstances or consent, an entry into a private home to conduct a search . . . is unreasonable without a warrant."[3] In the case at bar, the officers had neither a warrant nor consent to enter Culpepper's residence. Thus, their warrantless entry must be justified, if at all, by exigent circumstances.[4] "Whether these circumstances exist is a question of fact to be determined by the trial court, and the judge's decision, if supported by any evidence, is to be accepted."[5]

An exigent circumstance justifying the warrantless entry of a private residence is "the officer's reasonable belief that such action is a necessary response on his part to an emergency situation."[6] Such an emergency situation might exist "where an officer reasonably perceives that a suspect within the dwelling poses a risk of danger to the police or others."[7] The state asserts that, because Culpepper's girlfriend told the officer that her teenaged son was still in the apartment, the officer was justified in entering the apartment, because "[f]ear for the safety of a young child believed to be in harm's way is an example of an exigent circumstance."[8] But whether the officers possessed a reasonable belief, based on articulable facts, that Culpepper's apartment harbored a dangerous person was a judgment to be made by the trial court and not by this Court on appeal.[9] Here, the trial court determined that, because there was no commotion inside the apartment and because Culpepper, who had just emerged from the apartment, asserted that the robbers had fled, "the officer did not have a reasonable belief that entry into the apartment was necessary." The trial court's finding that the officers' entry into the apartment was unjustified was supported by some

---

[3] (Citations omitted.) *Curry v. State*, 271 Ga. App. 672, 675 (2) (610 SE2d 635) (2005). Accord *Love v. State*, 290 Ga. App. 486, 487 (659 SE2d 835) (2008).

[4] See *Boldin v. State*, 282 Ga. App. 492, 495 (3) (639 SE2d 522) (2006).

[5] (Punctuation and footnote omitted.) Id.

[6] (Citation and punctuation omitted.) *King v. State*, 217 Ga. App. 889, 891 (459 SE2d 605) (1995) (whole court).

[7] (Citations omitted.) *Love*, supra at 488.

[8] (Footnote omitted.) *Leon-Velazquez v. State*, 269 Ga. App. 760, 762 (1) (605 SE2d 400) (2004).

[9] See *Gray*, supra at 128 (2).

evidence, and the trial court did not err in granting Culpepper's motion to suppress.[10]

We emphasize that we are not ruling that, as a matter of law, the police may *never* enter a dwelling without a warrant, following a report of an armed robbery in progress when someone asserts that the robbers have fled and the police hear no "commotion" inside the dwelling. We are obviously not ruling as a matter of law that the police may *always* enter a dwelling without a warrant if there was a report of an armed robbery in progress and there might be a teenaged person inside the apartment. Indeed, as in so many appeals of a ruling on a motion to suppress, we are not making any ruling whatsoever as a matter of law. We are merely affirming a factual decision made by the trial court. In the case at bar, we might well have affirmed, even if the trial court had ruled for the state.

Our decision would be entirely different if, for example, the alleged occupant of the apartment had expressly forbidden the police to enter[11] or if the police used the "armed robbery in progress" report as an excuse for a warrantless search of the apartment three hours later. We recognize that whether or not to enter immediately, without a warrant, is a tough call for the police officers on the spot. We also acknowledge that the trial court has to make a tough call in deciding with hindsight whether exigent circumstances existed. But the task of this Court on appellate review of the trial court's ruling is not such a tough call: we look to see if the record contains any evidence to support the trial court's decision, and if it does, we affirm, whether or not we would have come to the same conclusion as did the trial court.[12]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 13, 2009.

*Jewel C. Scott, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellant.

---

[10] See id.

[11] See *Georgia v. Randolph*, 547 U. S. 103 (126 SC 1515, 164 LE2d 208) (2006), affirming *State v. Randolph*, 278 Ga. 614 (604 SE2d 835) (2004).

[12] Of course, if the record manifestly shows that the trial court made its factual finding while under a mistaken view of the law, we would reverse. See generally *Robinson v. State*, 295 Ga. App. 136 (670 SE2d 837) (2008) (Mikell, J., concurring specially).