**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 26, 2013**

# In the Court of Appeals of Georgia

A13A1562. KENDRICK v. THE STATE.

MCFADDEN, Judge.

Josephine Kendrick appeals her misdemeanor conviction for obstructing an officer, arguing that the evidence is insufficient to support the conviction and that the trial court erred by refusing to give a requested jury charge. We find that the evidence is sufficient to support the conviction. We also find that the trial court's charge adequately covered the legal principle embodied in the requested charge. We therefore affirm Kendrick's conviction.

1. *Sufficiency of the evidence.*

When a defendant challenges the sufficiency of the evidence supporting her criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

Viewed in this light, the evidence shows that Leonard Mixon, a patrol sergeant for the city of Perry, stopped a car driven by a Mr. Holmes because the brake light and tag light were not working. Holmes had three passengers in his car. As he was speaking with Holmes, Mixon smelled alcohol and began investigating Holmes for driving under the influence.

A short time after Mixon had stopped Holmes, Kendrick pulled into the parking lot of an adjacent business. She began walking toward the traffic stop. Mixon told Kendrick that Holmes was okay and instructed her to return to her car. Kendrick ignored him. He repeated his instruction, but she again ignored him. Mixon told Kendrick, "Don't come over here, I got a lot going on," and he asked her to go back

2

to her car. Finally Mixon told Kendrick that he would arrest her. He tried to put her in handcuffs, but she snatched her arm away. When an officer whom Mixon had called for backup arrived, Mixon told Kendrick for the third or fourth time that she was under arrest. She responded, "No, I'm not," and "started kind of snatching away and going crazy to the point where [the] arm [of the backup officer] literally got stuck underneath her on the back of the car." A video recording of the encounter was played for the jury.

Mixon wanted Kendrick to return to her car because of the number of people involved in the traffic stop and because he was the only officer on the scene, which was on the verge of becoming chaotic. Her refusal to obey Mixon's command interfered with his ability to perform his DUI investigation.

OCGA § 16-10-24 (a) provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." "Whether [Kendrick's] comments and actions . . . obstructed or hindered the [sergeant] was for the trier of fact to decide. The evidence was sufficient to enable a rational trier of fact to find that [Kendrick] obstructed or hindered the law enforcement official." *Jarvis v. State*, 294 Ga. App. 482, 485 (1) (669 SE2d 477) (2008) (citation omitted). See also *Turner v. State*, 274

3

Ga. App. 731, 733 (1) (b) (618 SE2d 607 (2005) (evidence that defendant repeatedly ignored officer's command to stay in the vehicle was sufficient to sustain defendant's conviction for misdemeanor obstruction); *Imperial v. State*, 218 Ga. App. 440, 441 (461 SE2d 596) (1995) (refusal to obey lawful command as officer attempted to secure crowded area was sufficient to support misdemeanor obstruction conviction).

2. *Jury charge.*

Kendrick argues that the trial court erred by refusing to charge the jury that "[s]omething more than mere disagreement or remonstrance must be shown." We disagree. The requested charge is simply a corollary to the requirement that the state prove every element of the crime charged. See *Muhammad v. State*, 243 Ga. 404, 406 (1) (254 SE2d 356) (1979) ("[T]he rule that mere presence without more is insufficient to convict is really a corollary to the requirement that the state prove each element of the offense charged."). The trial court charged the jury on the elements of the offense, including that "[t]he accused must have knowingly and willfully obstructed or hindered the officer," and that the state had the burden of proving every element of the crime as charged beyond a reasonable doubt. The charge as a whole adequately covered the principle of law embodied in the requested charge and provided Kendrick the support to which she was entitled for her argument to the jury

4

that she should have been acquitted because the state proved only disagreement or remonstrance. Thus, the trial court did not err by refusing to give the requested charge. *Gresham v. State*, 303 Ga. App. 682, 688 (3) (695 SE2d 73) (2010); *Stephens v. State*, 214 Ga. App. 183, 185 (3) (1994) ("When the jury charge given substantially covers the principles in the requested charge, it is not error to fail to give the requested charge.").

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*