## S02A0905. FLOWERS v. THE STATE.
(571 SE2d 381)

BENHAM, Justice.

Latavious Cherente Flowers appeals in this case from his convictions for malice murder and possession of a firearm during the com-

mission of a crime.[1] The evidence at trial showed that taxi driver Forest Nelson was shot and killed in his taxi in LaGrange, Georgia, on March 31, 1997. He was shot one time in the right side of the head above the ear with a .25 caliber handgun. Flowers and a companion, Carlos Matsey, had been previously arrested on unrelated charges and needed money to pay their bondsman. They planned to rob a taxi driver, and when the taxi arrived with Nelson at the wheel, Flowers got into the front seat, displayed a .25 caliber handgun, and told the cab driver to "give it up." When Nelson produced his own gun, Matsey jumped out of the cab and ran, and Flowers shot Nelson. Flowers then went to several friends' homes, at one of which he met Carlos's brother Tyrone and admitted to him the shooting of the cab driver. Flowers told both Carlos and Tyrone Matsey to keep quiet and everything would be fine. Tyrone Matsey eventually told the police about the crime in an effort to get leniency for himself regarding another crime, and persuaded his brother to do likewise. Following his arrest, and after being confronted with Carlos Matsey's audio-taped statement implicating him, Flowers confessed to killing Nelson. Both Matsey brothers testified against Flowers at trial, as did a jail inmate who testified he overheard Flowers tell another inmate about committing the crime.

1. Flowers contends the evidence was insufficient to support the verdict because there were inconsistencies in the testimony of the witnesses. "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court." *Odett v. State*, 273 Ga. 353 (1) (541 SE2d 29) (2001). The evidence adduced at trial was sufficient for a rational trier of fact to find Flowers guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Flowers sought a continuance on the first morning of his trial to retain counsel to replace his appointed counsel and enumerates as error the trial court's denial of the motion for continuance.

---

[1] The crimes occurred on March 31, 1997; Flowers was arrested on September 12, 1997; and he was indicted on November 4, 1997, for malice murder, felony murder (aggravated assault; criminal attempt-armed robbery), and possession of a firearm during the commission of a crime. A jury trial conducted April 6-7, 1998, resulted in guilty verdicts on all counts. The trial court sentenced Flowers to life imprisonment for malice murder, the felony murder count having been vacated by operation of law (*Malcolm v. State*, 263 Ga. 370 (434 SE2d 479) (1993)), and to a consecutive term of five years for the firearm possession count. A motion for new trial filed on April 28, 1998, by appointed trial counsel was dismissed by appointed appellate counsel on November 2, 2001, and a motion for out-of-time appeal filed that same day was granted, with the consent of the district attorney, on November 5, 2001. A notice of appeal was filed on November 2, 2001, directing the appeal to the Court of Appeals. The appeal was docketed in that court on February 28, 2002, was transferred to this Court on March 6, 2002, and was submitted for decision on the briefs.

"[E]very person indicted for crime [has] a most valuable and important constitutional right, [which] entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses *reasonable diligence* to obtain his services. No person meeting these requirements should be deprived of his right to be represented by counsel chosen by himself, or forced to trial with the assistance only of counsel appointed for him by the court." [Cits.] Whether a particular defendant has exercised "reasonable diligence" in procuring counsel is a factual question, and the grant or denial of a request for continuance on grounds of absence of retained counsel is a decision within the sound discretion of the trial judge, reversible only for an abuse of that discretion.

*Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983). In the present case, the trial court noted that Flowers had more than six months to retain counsel if he wished to do so; that the trial had been scheduled for a long time, but Flowers had waited until the morning of trial to request a continuance; that appointed counsel had announced his readiness to try the case; and that a jury had already been selected. Under those circumstances, we conclude there was no abuse of the trial court's discretion. *Wilson v. State*, 231 Ga. App. 621 (1) (500 SE2d 387) (1998).

3. Flowers also enumerates as error the trial court's decision to permit a prosecution witness to remain in the courtroom after the defense invoked the rule of sequestration, and to testify after another witness had done so. Because the witness was the chief investigator in the case and the prosecutor requested his exception from the rule of sequestration to assist in the prosecution, we perceive no abuse of the trial court's discretion in permitting the exceptions to the rule of sequestration. *Bryant v. State*, 274 Ga. 798 (4) (560 SE2d 23) (2002); *White v. State*, 253 Ga. 106 (5) (317 SE2d 196) (1984).

4. Finally, Flowers complains of the admission of testimony of Forest Nelson's wife identifying a photograph of Nelson while in life. While "the better practice is to not permit a victim's family member to identify the victim where other nonrelated witnesses are able to do so" (*Ledford v. State*, 264 Ga. 60 (14) (439 SE2d 917) (1994)), Flowers has not suggested the existence of other witnesses able to perform that function and did not object at trial to the identification. Under those circumstances, we find no reversible error. *Ledford v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 2002.

*Peter B. Hoffman*, for appellant.

*Peter J. Skandalakis, District Attorney, Nigel R. Lush, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.