## A06A1268. HAMES v. THE STATE.
### (634 SE2d 836)

PHIPPS, Judge.

H. B. Hames, Jr. was convicted of sale of cocaine, based on evidence that he had sold crack cocaine to a police informant working in an undercover drug investigation. In this appeal of his conviction, he claims error in the trial court's application of the rule of sequestration and he challenges the sufficiency of the evidence. Finding the evidence sufficient and no abuse of discretion in the court's application of the rule, we affirm.

1. Hames first charges the trial court with an abuse of discretion in excepting the lead drug investigator from the rule of sequestration.

Although neither side formally invoked the rule of sequestration, at the beginning of the trial the prosecutor asked the trial court to except the lead investigator, special Georgia Bureau of Investigation narcotics agent Aaron Swanson, from the rule. The trial court did so without objection by the defense. Because there was no objection at trial, the issue has been waived for appellate purposes.[1] Moreover, no abuse of discretion has been found in cases involving the grant of prosecutorial requests to except lead investigators from the rule of sequestration.[2]

2. Hames also challenges the sufficiency of the evidence to support his conviction.

---

[1] See *In the Interest of J. B.*, 260 Ga. App. 814, 817 (1) (581 SE2d 367) (2003); *Brown v. State*, 246 Ga. App. 517, 521 (5) (541 SE2d 112) (2000); see also *Watson v. State*, 222 Ga. App. 158, 159 (2) (473 SE2d 262) (1996); compare *Thayer v. State*, 189 Ga. App. 321, 324 (3) (376 SE2d 199) (1988).

[2] See *Flowers v. State*, 275 Ga. 592, 594 (3) (571 SE2d 381) (2002) and cits.

Viewed in a light most favorable to support the verdict,[3] the evidence showed that Swanson and Oconee Drug Task Force Agent Derrick Nobles were conducting an undercover narcotics investigation. They were working with an informant who had agreed to assist them in exchange for the reduction or dismissal of drug charges against himself. The informant identified Hames as one of the persons from whom he might be able to purchase illegal drugs.

On the day in question, Swanson and Nobles met the informant, searched him and his car to ensure that he was not in possession of any contraband, gave him five $20 bills in government funds, equipped him with an audio/video surveillance device, and sent him out to make an undercover drug buy. In short order, the informant appeared at Hames's house. In a recorded conversation that was later played to the jury, the informant told Hames that he wanted to buy $100 worth of powder cocaine. Hames responded that he did not have it, but that he did have $60 worth of crack. The men then exchanged $60 for a substance having the appearance of crack cocaine.

The informant thereupon left Hames's house, met the officers at a prearranged location, and gave them the substance he had purchased from Hames. Nobles secured the substance in an evidence bag. Swanson transported the sealed evidence bag to the State Crime Laboratory. A forensic chemist employed by the crime lab testified that the substance tested positive for cocaine.

This evidence was amply sufficient to support the verdict.[4]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JULY 26, 2006.

*Joe H. Thalgott,* for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney,* for appellee.

---

[3] E.g., *Murray v. State,* 256 Ga. App. 736 (1) (569 SE2d 636) (2002).
[4] See generally *Rankin v. State,* 278 Ga. 704, 705 (606 SE2d 269) (2004); compare *Chambers v. State,* 260 Ga. App. 48, 50 (1) (579 SE2d 71) (2003).