## A07A0355. SAMPSON v. THE STATE.
(640 SE2d 673)

BLACKBURN, Presiding Judge.

Following a bench trial, Christopher Sampson appeals his convictions for cruelty to children and felony obstruction of an officer. Challenging the sufficiency of the evidence, Sampson urges that no evidence showed the malice element of the cruelty-to-children offense nor did any evidence show he harmed the police officer in the obstruction offense. We hold that the severity of the bite marks on the child allowed the court to infer malice, and that because offering to do violence suffices, actual harm to the officer is not an essential element of felony obstruction of an officer. Accordingly, we affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2]

So viewed, the evidence shows that while high on cocaine and alcohol, Sampson approached a nine-year-old girl and asked to use her scooter on which she was riding. When she declined, he grabbed her and bit her on the back of her shoulder so hard that he left teeth marks, after which she escaped crying and "panicky" to her mother in a residence nearby. The mother called police, who soon arrived and attempted to arrest Sampson. During the attempt, Sampson swung at the arresting officer's face with his elbow and ran away, only to be caught by the officer in a short chase. A drug test showed cocaine in Sampson's body.

---

[1] *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Indicted for cruelty to children, felony obstruction of an officer, and possession of cocaine, Sampson requested a bench trial and was eventually convicted on all three counts. Following the denial of his motion for new trial, Sampson appeals, challenging only the sufficiency of the evidence on the cruelty to children and obstruction counts.

1. "Any person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain."[3] Sampson claims that no evidence shows he acted maliciously in biting the child and that in fact the child testified that Sampson was an acquaintance and was only "playing."

In determining the element of malice in cruelty to children cases, the Supreme Court of Georgia has reiterated:

> For purposes of this Code section, malice in the legal sense, imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result. Intention may be manifest by the circumstances connected with the perpetration of the offense. Intent is a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.

*Delacruz v. State.*[4] See *Kennedy v. State*[5] (whether defendant bit child maliciously is question for trier of fact).

Based on this standard, *Allen v. State*[6] held that despite the defendant's testimony that he only " 'pinched' " the victim with his teeth so that she would release her grip on his fingers, the evidence showing that the defendant bit the victim "hard enough to leave teeth marks" allowed the trier of fact to find that the defendant acted with malice, which was sufficient to sustain the cruelty to children conviction. Similarly, the evidence here showing that Sampson bit the victim hard enough to leave teeth marks, which was in reaction to the victim's denying his request to use the scooter, allowed the court as

---

[3] OCGA § 16-5-70 (b).

[4] *Delacruz v. State*, 280 Ga. 392, 395 (3) (627 SE2d 579) (2006).

[5] *Kennedy v. State*, 272 Ga. App. 347, 349-350 (612 SE2d 532) (2005).

[6] *Allen v. State*, 247 Ga. App. 10, 16 (4) (a) (543 SE2d 45) (2000).

trier of fact to find the element of malice, despite evidence that Sampson was only "playing." Accordingly, we affirm the cruelty-to-children conviction.

2. "Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer" is guilty of felony obstruction of an officer.[7] Sampson argues that because no evidence shows that in resisting arrest, he struck or otherwise harmed the officer here, the State failed to prove this offense.

The statute, however, does not require that the accused actually do violence to the officer, but allows a conviction if the accused offers to do violence. Thus, "proof of an injury to the officer is not required to satisfy the elements of felony obstruction of an officer. See *Fricks v. State*."[8] *Estrada v. State*.[9] Based on this principle, swinging at or kicking at an officer while resisting arrest, without actually landing a punch or a kick, has sufficed to sustain a conviction under this statute. See id. (kicking and swinging at officer sufficed); *In the Interest of D. J. E.*[10] (kicking at officer sufficed); *Gillison v. State*[11] (kicking at officer combined with verbal threats sufficed). Because evidence showed Sampson swung at the officer's face with his elbow during his efforts to resist arrest, we hold the evidence sufficed to sustain the felony obstruction conviction.

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED DECEMBER 18, 2006.

*Robert L. Persse*, for appellant.

*Richard A. Mallard, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellee.

---

[7] OCGA § 16-10-24 (b).

[8] *Fricks v. State*, 210 Ga. App. 562, 563 (1) (436 SE2d 752) (1993).

[9] *Estrada v. State*, 269 Ga. App. 185, 186 (1) (603 SE2d 721) (2004).

[10] *In the Interest of D. J. E.*, 266 Ga. App. 807, 811 (3) (598 SE2d 108) (2004).

[11] *Gillison v. State*, 254 Ga. App. 232 (1) (561 SE2d 879) (2002).