A09A0417. BIHLEAR v. THE STATE.
(672 SE2d 459)

ELLINGTON, Judge.

A Chatham County jury found Christopher L. Bihlear guilty of armed robbery, OCGA § 16-8-41. Bihlear appeals from the order denying his motion for new trial, raising the general grounds and contending that his trial counsel was ineffective. Finding no error, we affirm.

1. Bihlear contends the evidence adduced was insufficient to support his conviction for armed robbery beyond a reasonable doubt.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Resolving evidentiary conflicts and inconsistencies, and

assessing witness credibility, are the province of the fact-finder, not this Court. As long as there is some competent evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.

(Punctuation and footnotes omitted.) *Howard v. State*, 291 Ga. App. 289 (661 SE2d 644) (2008). Viewed in this light, the record reveals the following.

Around 9:00 p.m. on January 27, 2006, Bihlear and his accomplice, Tanjanika Ford, walked into a Subway restaurant in Savannah, Georgia, and, with guns drawn, demanded the contents of the restaurant's cash register from a store employee. The employee, who was 16 years old at the time of the robbery, testified that both robbers were dressed in dark, hooded jackets and that both pointed handguns at him. He gave the robbers the cash drawer, and they snatched about $80 in currency from it. The robbers demanded more money from a vault they believed to be in the back of the restaurant, but, when a second employee who was working in the back of the restaurant bolted out the back door, the robbers left. The employees called the police, and a Subway manager retrieved a videotape from a security camera that had recorded the robbery.

After leaving the Subway, the robbers went to a friend's apartment. A witness who lived at the apartment testified that Bihlear, Ford, and a third person arrived at about 9:15 p.m., that they were acting "jumpy" and "hyper," and that they began dividing up handfuls of small bills amongst themselves. The witness heard Bihlear tell one of his accomplices to be quiet after that accomplice exclaimed that they had just robbed the Subway. The witness saw Bihlear pass a handgun, "a Glock .40," to Ford. The witness, who had a warrant out for his arrest and who was fearful that Bihlear would bring the police to him, told the robbers they had to leave. They did so, and went to Bihlear's apartment. Based on a tip, the police later arrested Bihlear there. During the arrest, the police recovered a dark hooded jacket and ammunition for a .40 caliber weapon.

The Subway employees, the witness from the apartment, and Ford each positively identified Bihlear as one of the armed robbers either in court, from photographic arrays, or both. Although Ford testified that Bihlear was the get-away driver and not the robber who went into the Subway with her, she explained that Bihlear chose to rob the restaurant because he had worked for the company before and was familiar with how it did business and handled cash. A Subway manager testified that Bihlear had indeed been employed briefly with the company. The state introduced into evidence the

videotape of the armed robbery, which was played for the jury. The state also introduced evidence of a similar transaction in which Bihlear had stolen, by use of force, a gold chain from a teenaged boy.

The evidence shows that Bihlear and Ford were both armed and that together they used their weapons to take about $80 in cash from a Subway employee. Pursuant to OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." The state's evidence was sufficient to prove beyond a reasonable doubt that Bihlear committed the crime of armed robbery. See *Strahan v. State*, 273 Ga. App. 116, 117-118 (1) (614 SE2d 227) (2005).

2. Bihlear contends his trial counsel was ineffective in several respects, each of which is addressed below.

> To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

(Citations omitted.) *Myers v. State*, 275 Ga. 709, 713 (4) (572 SE2d 606) (2002). "In making this showing, [Bihlear] must rebut by clear and convincing evidence the strong presumption that his attorney was effective." (Citation omitted.) *Jones v. State*, 279 Ga. 854, 855 (2) (622 SE2d 1) (2005). The standard of our review of the trial court's determination of the effectiveness of counsel is whether the court's findings are clearly erroneous. *Johnson v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542) (1996).

(a) Bihlear contends his trial counsel should have objected to questions by the prosecutor that elicited testimony from each of the Subway employees that they were 100 percent certain that Bihlear was one of the robbers. Bihlear, however, cites to no authority for the proposition that this testimony was objectionable. While a trial court may not give a charge instructing the jury to consider a witness's level of certainty in assessing the reliability of an identification, *Brodes v. State*, 279 Ga. 435, 442 (614 SE2d 766) (2005), we have found no legal authority that would prevent a witness from qualifying his or her own identification of a person with reference to a percentage or to any other measure of certainty. Because trial counsel is not required to interpose a meritless objection, *Sims v. State*, 281 Ga. 541, 543 (2) (640 SE2d 260) (2007), Bihlear's attorney was not deficient in this respect.

(b) Bihlear contends his trial counsel should have impeached two

of the state's witnesses with evidence of their prior convictions. However, Bihlear did not produce certified copies of those convictions at the motion for new trial hearing to establish that these witnesses did, in fact, have criminal records. Thus, he failed to carry his burden of proving that counsel's performance was deficient in this respect. *Fuller v. State*, 278 Ga. 812, 815 (2) (d) (607 SE2d 581) (2005).

(c) Bihlear contends his counsel was ineffective for failing to invoke the rule of witness sequestration. He cites to no legal authority, nor have we found any, that holds that merely failing to invoke the rule constitutes deficient performance. Further, he shows that only one witness, the lead detective, was actually present in the courtroom during the testimony of the other witnesses. Of all the witnesses, the lead detective was the witness most likely to be excepted from the rule of sequestration had it been invoked. See, e.g., *Lewis v. State*, 283 Ga. 191, 195 (4) (657 SE2d 854) (2008); *Warner v. State*, 281 Ga. 763, 765 (642 SE2d 821) (2007). Further, Bihlear has not shown that any witness was influenced by the testimony of any other witness. Consequently, Bihlear has failed to show that he suffered any prejudice as a result of counsel's failure to invoke the rule.

(d) Bihlear argues that his trial counsel should have requested jury charges on the law of abandonment of the crime and the law pertaining to an accessory after-the-fact. There was no evidence, however, to support either charge. Even the evidence most favorable to Bihlear shows that he selected the Subway restaurant that his partners in crime robbed, that he drove the get-away car, and that he shared in the spoils of the armed robbery. Given the lack of evidence showing that Bihlear abandoned the crime before an overt act occurred, the trial court would have been authorized to refuse the request to charge, had one been made. See *Perkins v. State*, 224 Ga. App. 63, 65 (2) (479 SE2d 471) (1996). Further, the evidence does not support that Bihlear was a mere accessory after the fact; rather, he was, at least, according to Ford's testimony, a party to the crime. "An accessory after the fact is not a party to the crime under OCGA § 16-2-21, but the act constitutes the separate offense of obstruction of justice under OCGA § 16-10-24." (Punctuation and footnote omitted.) *Stewart v. State*, 243 Ga. App. 860, 862 (2) (534 SE2d 544) (2000). Bihlear was neither indicted nor tried for felony obstruction of justice, and the charge is not a lesser included offense of armed robbery. Therefore, the court would not have erred in refusing to give such a charge had one been requested. *Buruca v. State*, 278 Ga. App. 650, 653 (2) (629 SE2d 438) (2006). Because there was no evidence to support the giving of either charge, counsel was not deficient for failing to request the charges.

Bihlear has not shown both that his counsel's performance was deficient and that he suffered any prejudice as a result. Therefore, the trial court did not err in finding that Bihlear failed to carry his burden of proving ineffective assistance of counsel.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 9, 2009.

*Emory B. Bazemore*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.