## A09A1487. CLOWERS v. THE STATE.

(683 SE2d 46)

JOHNSON, Presiding Judge.

A jury found Winfred Clowers guilty of armed robbery. Clowers appeals, alleging the evidence was insufficient to support the jury's verdict and he was denied effective assistance of trial counsel. We find no error and affirm Clowers' conviction.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] This Court will uphold the jury's verdict as long as there is some evidence, even though contradicted, to support each necessary element of the state's case.[3]

Viewed in that light, the evidence shows that at approximately 12:15 p.m. on January 18, 2006, Clowers entered a grocery store and asked the cashier to cash a check. The cashier told Clowers he could not cash the check. Clowers left and then a few minutes later came back with a gun and demanded money. The cashier opened the cash drawer, and Clowers reached in and took some money out. When the cashier reached for his wallet, Clowers cocked his pistol. The cashier took money out of his wallet and gave it to Clowers while Clowers "was still pointing the gun" at him. Clowers then left the store, and a small car sped from the scene.

The state also presented testimony from a bank teller working a drive-through window. This bank teller testified that during the lunch hour before 1:00 p.m. on January 18, 2006, Clowers, a rear seat passenger in a small burgundy car, attempted to cash a check drawn on the account of Janet Melton and made payable to Russell Rogers.

In the course of the investigation, an officer learned that Russell Rogers, Clowers' co-defendant, had borrowed a car on January 17, 2006 and not returned it until approximately 8:00 p.m. on January 18, 2006. A search of the car revealed a checkbook for an account in the name of Janet Melton. Some of the checks were blank and others were made out to Russell Rogers. Based on the investigator's interview with Rogers, the investigator presented a photographic lineup that included a photograph of Clowers to the cashier and the

[1] McKibben v. State, 275 Ga. App. 550, 552 (2) (621 SE2d 540) (2005).

[2] Bihlear v. State, 295 Ga. App. 486, 486-487 (1) (672 SE2d 459) (2009).

[3] Id.

bank teller. The cashier identified Clowers in the photographic lineup and at trial as the person who robbed him. The bank teller identified Clowers in the photographic lineup and while testifying at trial as the person attempting to cash the check.

The testimony of a single witness is generally sufficient to prove a fact.[4] And the testimony of a single witness, other than a co-conspirator, is sufficient to authorize a jury to convict of armed robbery.[5] While it is true that the state failed to produce a weapon, fingerprints, or other physical evidence tying Clowers to the crime, the jury was authorized to accept the cashier's identification testimony. The determination of a witness's credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury.[6] The evidence was sufficient to support Clowers' conviction for armed robbery.

2. Clowers contends he received ineffective assistance of trial counsel because his counsel did not file a motion to suppress the photographic lineup identifications or cross-examine the cashier and the bank teller regarding their identification testimony. We disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.[7] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[8] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[9] We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial court could not reliably have produced a just result.[10]

(a) "When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been

---

[4] OCGA § 24-4-8.

[5] See *McKibben,* supra.

[6] *Shabazz v. State,* 293 Ga. App. 560, 561 (1) (667 SE2d 414) (2008).

[7] *Rivers v. State,* 283 Ga. 1, 4 (3) (655 SE2d 594) (2008).

[8] *Kilpatrick v. State,* 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[9] *Rucker v. State,* 271 Ga. 426, 427 (520 SE2d 693) (1999).

[10] *Glass v. State,* 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).

suppressed had counsel made the motion."[11] And testimony concerning a pre-trial identification of a defendant should be suppressed if the identification procedure was impermissibly suggestive and, under the totality of the circumstances, the suggestiveness gave rise to a substantial likelihood of misidentification, leading the witness to an "all but inevitable identification" of the defendant as the perpetrator.[12]

Here, the photographic array shown to the cashier and the bank teller consisted of six color photographs. The array was presented in the standard format, with two rows of photographs and three photographs in each row. The photographs were numbered one through six, and Clowers' photograph occupied the number five position. All the photographs depicted facial views of men of the same race, with similar hairstyles and some facial hair. Although Clowers' facial view appeared slightly larger than the other facial views, nothing regarding the location or the appearance of the photograph suggested that the photograph should be picked or excluded by the witnesses. In addition, the back of the array contained the following statement:

> You will be asked to look at a group of photographs. The fact that the photographs are shown to you should not influence your judg[ ]ment. You should not conclude or guess that the photographs contain the picture of the person who committed the crime. You are not obliged to identify anyone. It is just as important to free innocent persons from suspicion as to identify guilty parties. Please do not discuss the case with other witnesses nor indicate in any way that you have identified someone.

This admonition was read to the cashier and signed by the cashier and the officer who displayed the array to the cashier. It was also read to the bank teller. We agree with the trial court's conclusion that the photographic array was not impermissibly suggestive.[13] Trial counsel was not ineffective in failing to file a motion to suppress the array.

(b) With respect to trial counsel's alleged failure to cross-examine the cashier and the bank teller regarding matters arguably relevant to their identifications, the record shows that trial counsel addressed those issues in closing argument. Specifically, counsel pointed out that the cashier did not provide police with a description

---

[11] *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003).

[12] *Miller v. State*, 270 Ga. 741, 743 (2) (512 SE2d 272) (1999).

[13] See *Thompson v. State*, 240 Ga. App. 26, 31-32 (7) (521 SE2d 876) (1999).

of the robber's height, weight, age or voice, and the cashier told police he thought the car was blue or black, but then testified at trial that he did not see it before it sped away. In addition, counsel noted that the bank teller testified the car was burgundy and that the time period in which the check was presented to the bank teller made it unlikely Clowers could have robbed the cashier.

"The scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel."[14] Here, nearly every weakness in the identification testimony was addressed in trial counsel's closing argument. Had trial counsel questioned the cashier and bank teller regarding their identifications during cross-examination, counsel ran the risk of cementing the witnesses' identifications. The trial court did not clearly err in denying Clowers' motion for new trial on this ground.

(c) In a one-paragraph argument, Clowers contends his trial counsel was ineffective for failing to require the state to reveal any deal it may have given to Rogers and in failing to file a motion to sever Clowers' case from Rogers' case. However, Clowers fails to provide any citation of authority in support of these arguments. Moreover, Clowers fails to prove by the record that Rogers received any deal or a reasonable probability that the outcome of his case would have been different had his trial counsel required the state to reveal any such deal, especially given the fact that Rogers did not testify at trial and, therefore, Rogers' credibility was not at issue.[15]

In addition, the decision regarding whether to file a motion to sever is a matter of trial tactics and strategy, and the fact that such a motion was not filed does not require a finding that trial counsel was ineffective.[16] Here, Clowers fails to show that a motion to sever would have been granted[17] or a reasonable probability that but for trial counsel's alleged deficient performance in failing to file a motion to sever the outcome of the trial would have differed.[18]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED JULY 17, 2009 —
RECONSIDERATION DENIED AUGUST 6, 2009.

*Robert D. Jewell*, for appellant.

---

[14] *Simpson v. State*, 277 Ga. 356, 359 (4) (b) (589 SE2d 90) (2003).

[15] See *Belt v. State*, 225 Ga. App. 813, 815 (4) (485 SE2d 39) (1997).

[16] See *Level v. State*, 273 Ga. App. 601, 606 (2) (a) (615 SE2d 640) (2005).

[17] See *Bolden v. State*, 278 Ga. 459, 461-462 (2) (604 SE2d 133) (2004) (a defendant is only entitled to severance if he can clearly show that joinder will result in prejudice and a denial of due process).

[18] See *Bogan v. State*, 249 Ga. App. 242, 245 (2) (b) (547 SE2d 326) (2001).

*C. Paul Bowden, District Attorney*, for appellee.