## A09A1835. WILCOX v. THE STATE.
(684 SE2d 108)

BLACKBURN, Presiding Judge.

Following a jury trial, Gregory Wilcox appeals his conviction on one count of felony obstruction[1] and on three counts of misdemeanor obstruction of an officer.[2] In addition to challenging the sufficiency of the evidence, he argues that the trial court erred in failing to give his requested instruction that misdemeanor obstruction required a showing of forcible resistance, and in overruling his objection to the prosecutor's alleged misstatement of evidence (and in failing to instruct the jury to disregard such misstatement). We hold that the evidence sufficed to sustain the conviction on all counts; that contrary to the requested jury instruction, forcible resistance is not an element of misdemeanor obstruction; and that the court sufficiently instructed the jury regarding the alleged misstatement by the prosecutor. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[3] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[4]

So viewed, the evidence shows that on November 14, 2005, uniformed Officer Blevins was dispatched to a residence to pick up a

---

[1] OCGA § 16-10-24 (b).

[2] OCGA § 16-10-24 (a).

[3] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

person being held under arrest by police and to transport him in Officer Blevins's marked patrol car to jail. Parking in an alley between the residence and a second residence, Officer Blevins took custody of the prisoner and placed him in the secure rear seat of Officer Blevins's patrol car. As Officer Blevins prepared to drive out the other end of the alley in his vehicle, Wilcox (the owner of the first residence) appeared with a rake in his hand and stood in front of the patrol vehicle to block its exit. In conjunction with his sister who was with him, Wilcox began loudly cursing at Officer Blevins, announcing that the officer was there illegally and had no right to do what he was doing. Despite demands from Officer Blevins to move away from the vehicle and to allow him to leave, Wilcox continued blocking the vehicle's exit and cursing the officer.

When Officer Blevins exited his vehicle to approach Wilcox, Wilcox drew up the rake and began swinging it in a threatening manner as if he were going to strike the officer with the rake. Officer Blevins stepped back out of range and drew his pistol, ordering Wilcox to drop the rake and to subject himself to arrest for obstruction. Wilcox refused and began retreating toward his residence. Three other officers came to assist, one of whom took the rake from Wilcox. When Officer Blevins tried to handcuff Wilcox, Wilcox resisted, engaging in a wrestling match with Officer Blevins. Two of the fellow officers tried to assist Officer Blevins, and Wilcox also physically resisted these officers' efforts and demands to cooperate. Announcing his intention, the third fellow officer came forward to subdue the struggling Wilcox with a taser gun, which Wilcox kicked out of his hand. The officer retrieved the taser and shocked Wilcox into submission, allowing the other officers to finally handcuff Wilcox.

Wilcox was indicted on one count of felony obstruction of an officer (threatening Officer Blevins with the rake) and three counts of misdemeanor obstruction of an officer (resisting arrest and refusing to comply with demands by the three other officers). A jury found him guilty on all counts, which verdict he challenges as lacking evidentiary support.

(a) *The felony count.* OCGA § 16-10-24 (b) provides that "[w]hoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony. . . ." Here, Wilcox offered to do violence to the person of Officer Blevins by swinging the rake at him in a threatening manner when Officer Blevins sought to approach Wilcox to have him move from blocking Officer Blevins's vehicle. The evidence sufficed to

sustain this conviction. See *Sampson v. State*.[5]

(b) *The three misdemeanor counts*. OCGA § 16-10-24 (a) provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Resisting a lawful arrest by an officer constitutes obstructing an officer under this statute. See *Lord v. State*;[6] *Cornell v. State*.[7]

Wilcox's argument that he was entitled to resist an unlawful arrest (see *Brooks v. State*[8]) ignores that the officers were assisting Officer Blevins in a lawful arrest for Wilcox's obstruction of Officer Blevins in (1) blocking Officer Blevins's vehicle so that he could not transport a prisoner, (2) disobeying Officer Blevins's commands to cease the blocking of his vehicle, and (3) threatening Officer Blevins with a rake when Officer Blevins approached Wilcox to have him move away from the vehicle. "Because the police officers were lawfully discharging their duties and [Wilcox's] arrest was lawful, [Wilcox's] resistance was not justified." *Harris v. State*.[9] See *Copeland v. State*.[10]

2. Wilcox contends that the trial court erred in refusing to give his requested jury instruction that read: "[F]or an act to constitute obstructing an officer, the act must evidence some forcible resistance or objection, not mere argument to the officer, in the performance of his official duties." This instruction, which pertained to the misdemeanor obstruction counts, was an incorrect statement of the law.

Interpreting OCGA § 16-10-24 (a), *Pinchon v. State*[11] held that "forcible resistance is not required to prove that an officer was hindered or obstructed in a misdemeanor obstruction case. Argument, flight, stubborn obstinance, and lying are all examples of conduct that may satisfy the obstruction element." See *Duke v. State*[12] ("verbal exchanges without threats of force and violence can authorize a conviction under that statute"). The authorities cited by Wilcox (e.g., *McCook v. State*[13]) were interpreting a prior version of the statute and are no longer applicable. See *Stryker v. State*;[14] *Duke*, supra, 205 Ga. App. at 689-690. Accordingly, the trial court did not

---

[5] *Sampson v. State*, 283 Ga. App. 92, 94 (2) (640 SE2d 673) (2006).

[6] *Lord v. State*, 276 Ga. App. 209 (622 SE2d 887) (2005).

[7] *Cornell v. State*, 222 Ga. App. 476, 477 (474 SE2d 634) (1996).

[8] *Brooks v. State*, 206 Ga. App. 485, 489 (2) (425 SE2d 911) (1992).

[9] *Harris v. State*, 276 Ga. App. 234, 236 (1) (622 SE2d 905) (2005).

[10] *Copeland v. State*, 213 Ga. App. 39, 41-42 (2) (443 SE2d 869) (1994).

[11] *Pinchon v. State*, 237 Ga. App. 675, 676 (516 SE2d 537) (1999).

[12] *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992).

[13] *McCook v. State*, 145 Ga. App. 3, 5 (2) (243 SE2d 289) (1978).

[14] *Stryker v. State*, 297 Ga. App. 493, 495 and n. 1 (677 SE2d 680) (2009).

err in refusing to give this incorrect instruction. See *Davis v. State*[15] ("[i]f any portion of the request is inapt or incorrect, denial of the request is proper") (punctuation omitted).

3. Wilcox claims that the trial court erred in overruling his objection to a certain misstatement by the prosecutor during cross-examination of a defense witness. Specifically, the prosecutor asked the prisoner (whom Officer Blevins was to transport to the jail): "And if three police officers testified that they saw [Wilcox] draw the rake back in an attempt to strike the officer, they're not telling the truth?" Although Wilcox began objecting to this as a misstatement of the facts, the witness responded, "I don't think so." Following the completion of Wilcox's objection, the court overruled the objection, instructing: "The jury will remember what the testimony was." We discern no reversible error.

It is true that only two officers, not three, testified that he or she saw Wilcox wield the rake in a threatening manner. Thus, the discrepancy seems minor at best. In any case, the court instructed the jury that the jury would remember the evidence. Such sufficiently addressed the minor discrepancy. See *Al-Amin v. State*;[16] *Gaston v. State*.[17] Considering the court's earlier instruction to the jury that "what the lawyers say is not evidence," and considering Wilcox's immediate objection (heard by the jury) that vehemently disputed that three officers said such, we hold that any possible error was harmless. See *Fincher v. State*;[18] *Gaston*, supra, 209 Ga. App. at 479 (8).

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED SEPTEMBER 3, 2009.

*David E. Morgan III*, for appellant.
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Henry O. Jones III, Assistant District Attorneys*, for appellee.

---

[15] *Davis v. State*, 266 Ga. 801, 803 (7) (471 SE2d 191) (1996).

[16] *Al-Amin v. State*, 278 Ga. 74, 86 (16) (a) (597 SE2d 332) (2004).

[17] *Gaston v. State*, 209 Ga. App. 477, 479 (8) (433 SE2d 306) (1993).

[18] *Fincher v. State*, 276 Ga. 480, 482-483 (4) (578 SE2d 102) (2003).