A10A1986. ANDREWS v. THE STATE.
(705 SE2d 319)

MIKELL, Judge.

Hal Rickey Andrews was found guilty by a jury of interference with government property[1] (Count 1), felony obstruction of an officer[2] (Count 2), and escape[3] (Count 3). After a pre-sentencing hearing pursuant to OCGA § 17-10-2, he was sentenced to five years to serve on Count 1; five years on Count 2, to serve consecutively to Count 1; and twelve months on Count 3, to serve concurrent with the sentence imposed under Count 1. Andrews filed a motion for new trial and a motion to modify the sentence. Following a hearing, the trial court denied both motions. Andrews appeals, challenging the sufficiency of the evidence as to his felony obstruction conviction and enumerating other errors. We affirm.

On appellate review of a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[4] We do not weigh the evidence or judge the credibility of witnesses, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offenses charged beyond a reasonable doubt.[5]

So viewed, the record reflects that Travis White, a deputy with eight years' experience with the Monroe County Sheriff's Office, testified that on March 9, 2008, he was dispatched to Andrews's

---

[1] OCGA § 16-7-24 (a).

[2] OCGA § 16-10-24 (b).

[3] OCGA § 16-10-52.

[4] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

[5] Id., citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

home in response to a 911 domestic disturbance call. White was met by Andrews on the front step of the home, and he explained to Andrews that he needed to check on Andrews's teen-age daughter. Andrews allowed the deputy to enter the residence, and once inside, White observed the daughter lying on her mother's lap on the sofa, crying. When White asked her if she was all right, Andrews immediately told the deputy, "Can't you see they're all right? They're all right. And you got to leave, it's time for you to go." White told Andrews that he would leave once he found out what was going on. Andrews again insisted that White leave. White testified that Andrews then took a fighting stance, nose to nose with White, who did not have other law enforcement officers with him at that time. White attempted to grab Andrews's arms and put them behind his back, but Andrews "snatched away." White asked Andrews to put his arms behind his back, so that White could handcuff him, but Andrews continued to struggle. White then used pepper spray in an effort to subdue Andrews, who continued to struggle. Eventually, after using pepper spray two more times, throwing Andrews to the ground, and striking him with his fists, White was able to handcuff Andrews and take him outside to the patrol car. Andrews continued to struggle, and as White placed him in the patrol car, Andrews spat in White's face twice. White left Andrews in the back of the patrol car and went back inside to interview Andrews's wife and daughter. While White was inside, Andrews kicked out the back window of the patrol vehicle and ran away into the woods.

Andrews's daughter gave a statement to police, indicating that Andrews resisted White's request that he put his hands behind his back. Andrews's wife also gave a statement to police, stating that Andrews and White "got into a scuffle" and that White "begged" Andrews to put out his hands for handcuffs. At trial, however, both women testified that Andrews did not prevent them from speaking with White and did not resist White's attempt to handcuff him. Andrews also took the stand, testifying that White asked his wife and daughter over and over if they were all right, and that they said they were. Andrews denied threatening White with bodily harm.

1. Andrews does not challenge his convictions for interference with government property and escape. However, he contends that the evidence was insufficient to support his conviction for felony obstruction of a law enforcement officer. He argues that the evidence adduced was only sufficient to support a conviction for misdemeanor obstruction, because he did not actually act with, or offer to do, violence to the officer. We disagree.

Under OCGA § 16-10-24 (b), "[w]hoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence

to the person of such officer" is guilty of felony obstruction of an officer. "The statute . . . does not require that the accused actually do violence to the officer, but allows a conviction if the accused offers to do violence."[6] White testified that Andrews interfered with his attempts to interview the mother and daughter; that Andrews ordered him to leave; that Andrews approached him so that their noses were almost touching; and that Andrews then took up a fighting stance. White was forced to wrestle Andrews to the ground in order to handcuff him, and Andrews later spat into White's face as White was putting him in the patrol car. Viewed in the light most favorable to the verdict, the evidence adduced at trial and summarized above authorized any rational trier of fact to find Andrews guilty beyond a reasonable doubt of felony obstruction of a law enforcement officer, under the standard set forth in *Jackson v. Virginia*.[7]

Andrews argues that his conviction cannot stand because his own testimony and that given by his wife and daughter conflicted with that given by White. "Conflicts in the testimony of the witnesses are, however, a matter of credibility for the jury to resolve."[8] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld."[9]

2. In his third enumeration of error, Andrews contends that the trial court abused its discretion in permitting White to remain in the courtroom during the presentation of the state's case and, in the alternative, that his trial counsel rendered ineffective assistance by his failure to object to White's presence in the courtroom.

(a) The record reflects that the state invoked the rule of sequestration and asked that White, the chief investigator, be permitted to remain in the courtroom. Andrews did not object to the state's request, nor did he request that White be examined first. Because Andrews made no objection at trial to White's presence in the courtroom, he has waived appellate review of this claim of error.[10]

---

[6] (Footnote omitted.) *Sampson v. State*, 283 Ga. App. 92, 94 (2) (640 SE2d 673) (2006).

[7] Supra. See *Wilcox v. State*, 300 Ga. App. 35, 36-37 (1) (a) (684 SE2d 108) (2009) (defendant threatened officer with rake); *In the Interest of D. D.*, 287 Ga. App. 512, 513 (1) (651 SE2d 817) (2007) (defendant assumed fighting stance); *Dixon v. State*, 285 Ga. App. 211, 212 (1) (645 SE2d 692) (2007) (spitting in officer's face).

[8] (Footnote omitted.) *Johnson v. State*, 255 Ga. App. 537, 538 (566 SE2d 349) (2002).

[9] (Citations omitted.) *Vaughn v. State*, 301 Ga. App. 391 (687 SE2d 651) (2009). Accord *Purvis v. State*, 301 Ga. App. 648, 650 (1) (689 SE2d 53) (2009) (jury resolves conflicts in evidence raised by witness's recantation at trial).

[10] See *Bryant v. State*, 286 Ga. App. 493, 498 (4) (649 SE2d 597) (2007); *Hames v. State*, 280 Ga. App. 708 (1) (634 SE2d 836) (2006).

(b) Andrews contends that his trial counsel rendered ineffective assistance by failing to object to White's presence in the courtroom. In evaluating a claim of ineffective assistance of counsel, we apply the two-prong test set out in *Strickland v. Washington*.[11] Andrews "must show that counsel's performance was deficient and that, but for that deficient performance, there is a reasonable probability that the outcome of his trial would have been different."[12] In order to show that counsel's performance was deficient, "[t]he criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct."[13] On appellate review of the trial court's ruling, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[14]

Andrews has failed to prove either prong of the *Strickland* test. "[N]o abuse of discretion has been found in cases involving the grant of prosecutorial requests to except lead investigators from the rule of sequestration."[15] Here, White was the chief investigator in the case. The trial court was within its discretion to permit White to remain in the courtroom and was also within its discretion in not requiring that White be the first witness called to the stand.[16] Merely failing to object to the investigator's presence, or to the order of the state's witnesses, does not constitute deficient performance.[17] Further, Andrews has not shown that White's testimony was influenced by the testimony of any other witness. Thus, Andrews has failed to show that he suffered any prejudice as a result of counsel's failure to object to White's presence.[18]

3. Andrews contends that the trial court erred in considering a prior sexual battery charge at the pre-sentencing hearing, because the state failed to give Andrews timely notice of its intent to introduce the record of this conviction. Andrews has waived appellate review of this enumeration, however, because at the pre-

---

[11] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[12] (Footnote omitted.) *Jackson v. State*, 282 Ga. 494, 497 (2) (651 SE2d 702) (2007).

[13] (Citation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[14] (Citation and punctuation omitted.) Id.

[15] (Footnote omitted.) *Hames*, supra.

[16] See *Flowers v. State*, 275 Ga. 592, 594 (3) (571 SE2d 381) (2002); *White v. State*, 253 Ga. 106, 110 (5) (317 SE2d 196) (1984). Accord *Gray v. State*, 291 Ga. App. 573, 579-580 (3) (662 SE2d 339) (2008).

[17] Cf. *Bihlear v. State*, 295 Ga. App. 486, 489 (2) (c) (672 SE2d 459) (2009) (trial counsel's failure to invoke rule of sequestration did not constitute deficient performance).

[18] See id. (no prejudice where appellant failed to show that any witness was influenced by testimony of any other witness).

sentencing hearing, Andrews made no objection to the use of this evidence in aggravation of punishment under OCGA § 17-10-2.[19]

Further, even had Andrews not waived his objection, and even assuming that he did not receive proper notice of the state's intent to introduce this prior conviction at sentencing, this enumeration of error fails. In its order denying the motion for new trial, the trial court specifically stated that it did not consider this prior conviction in sentencing Andrews. "There is a presumption, in the absence of a strong showing to the contrary, that the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his decision."[20] In light of the trial court's statement that it did not consider this prior conviction, Andrews has not made a "strong showing" that the trial court relied upon it in sentencing him. Thus, he has failed to rebut the presumption.[21]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

## DECIDED JANUARY 19, 2011.

Alfred D. Dixon, Anna G. Cross, for appellant.
Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney, for appellee.

---

[19] See *Ingram v. State*, 262 Ga. App. 304, 307 (4) (b) (585 SE2d 211) (2003).

[20] (Punctuation and footnote omitted.) Id. at 308 (4) (c) (no error where hearsay evidence was introduced at pre-sentencing hearing, absent strong showing that trial court relied on it in determining sentence).

[21] See id.