**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 20, 2016**

# In the Court of Appeals of Georgia

A16A0055. SPRATLIN v. THE STATE.                    PE-002C

PETERSON, Judge.

Santonio Spratlin, convicted of armed robbery, aggravated assault, and possession of a firearm during the commission of a crime, appeals from the denial of his motion for a new trial and argues that the evidence was insufficient to sustain his armed robbery conviction. We affirm because the trial evidence authorized the jury to conclude that Spratlin committed the charged offense.

> On appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict, and [Spratlin] no longer enjoys a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but only determine whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

*Ferrell v. State*, 283 Ga. App. 471, 472 (1) (641 SE2d 658) (2007) (footnotes omitted).

So viewed, the evidence shows that on November 26, 2012, the victim was working at a gas station. Spratlin, with whom the victim was familiar as a repeat customer, entered the gas station and asked the victim to retrieve some cigarillos from behind the counter. When the victim did so and turned back to the counter, Spratlin, who was not disguised or masked, was pointing a gun at the victim. Spratlin threatened to kill the victim and demanded that the victim give Spratlin the cash from the cash register. The the victim complied. Spratlin left and the victim called police. The police responded to the victim's call, but did not collect any video surveillance from the gas station because the surveillance system was not working, and did not collect any fingerprint or other physical evidence.

The victim initially described the offender as a 5'3" tall black male with a skinny build, short hair, and no facial hair, and stated that he would recognize him because he has been a customer at the gas station several times. The police later took the victim to a children's group home, showed the victim several individuals (though Spratlin was not included among them), and asked the victim if any were the offender, which the victim denied. Later, the police showed the victim photos of six

2

people, including Spratlin, and the victim identified Spratlin as the offender with one hundred percent certainty. Following the positive identification from the photo line-up, Spratlin was apprehended at the group home. The police did not search the group home where Spratlin was located for guns or other evidence. After Spratlin was detained and read his *Miranda* rights, he was interviewed by a police detective and admitted that "I drew down on [the victim] and took the money." The victim also identified Spratlin in court.

(a) Spratlin first argues that the evidence is insufficient to sustain his armed robbery conviction because Spratlin's confession alone cannot justify conviction, and the confession did not align with the victim's detailed description of the event and offender.[1] Spratlin's argument fails because the victim's identification of Spratlin as the offender corroborates the confession, and because inconsistencies in the physical description go to the credibility of the testimony, which falls within the purview of the jury to consider.

As an initial matter, Spratlin is correct that "[a] confession alone, uncorroborated by any other evidence, shall not justify a conviction." OCGA § 24-8-

---

[1] Spratlin argues that, contrary to the victim's description, he is approximately 5'8", 160 pounds, with "long, big, puffy hair and a goatee."

823. But here, there is other evidence corroborating the confession. The victim identified Spratlin from a photo array as the individual who pointed a gun at his face and demanded the money from the cash register, and testified as to the details of that event. The victim's testimony was not inconsistent with Spratlin's confession, only more detailed. Moreover, the victim was familiar with Spratlin because Spratlin had been a repeat past customer at the gas station. Finally, the victim identified Spratlin as the offender in court. "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-14-8. *See also Clowers v. State*, 299 Ga. App. 576, 577 (1) (683 SE2d 46) (2009). That the victim's initial physical description of the offender differed from Spratlin's actual appearance goes towards the credibility of the victim's testimony, and does not render the victim's later identification from the photo array inherently unreliable. *See Price v. State*, 194 Ga. App. 453, 454-55 (1) (390 SE2d 663) (1990). "Decisions regarding credibility are uniquely the province of the trier of fact." *Cleveland v. State*, 285 Ga. 142, 147 (674 SE2d 289) (2009). From this evidence, the jury was authorized to convict Spratlin of armed robbery.

(b) Spratlin also argues that the evidence was insufficient to sustain his armed robbery conviction because there was no physical evidence connecting him to the armed robbery. This argument fails because physical evidence is not required to

4

sustain an armed robbery conviction. "While it is true that the state failed to produce a weapon, fingerprints, or other physical evidence tying [Spratlin] to the crime, the jury was authorized to accept the [victim]'s identification testimony." *Clowers*, 299 Ga. App. at 577 (1). Thus, the evidence was sufficient to support Spratlin's conviction for armed robbery. *See id.*

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur*.